**In re Pamela Sue DONALD, Debtor.**

**AUTOTRUCK FEDERAL CREDIT UNION, Plaintiff,**

v.

**Pamela Sue DONALD, Defendant.**

**Bankruptcy No. 3–81–02723.**
**Adv. No. 3–82–0164.**

United States Bankruptcy Court, W.D. Kentucky.

Jan. 17, 1983.

W. Craig Aulenbach, Louisville, Ky., for plaintiff.

Terry Fox, Louisville, for defendant.

## MEMORANDUM AND ORDER

G. WILLIAM BROWN, Bankruptcy Judge.

This matter comes before the Court on complaint of Autotruck Federal Credit Union, a creditor, by counsel, seeking to have the debt due in the sum of $300.00 deemed nondischargeable under 11 U.S.C. § 523 (a)(2), alleging that said debt was incurred by false pretenses, false representations, or actual fraud. The defendant entered a general denial, and the matter was set for hearing in chief, at which time the plaintiff appeared through its duly authorized representative, and the defendant appeared in person and by counsel. Testimony was heard from all parties and their witnesses.

### Findings of Fact

It is agreed that the defendant-debtor on April 6, 1981, secured the loan now in question for the sum of $300.00 from the plaintiff, which loan was still due and owing on the date of the filing of the petition in bankruptcy, October 28, 1981. The evidence disclosed that the defendant-debtor telephoned plaintiff on April 6, 1981, requesting approval of the loan and representing that the need therefor was of an emergency nature. Later the same day defendant-debtor visited the plaintiff's office and gave to plaintiff's agent an update of the loan application information needed for the processing and approval of the $300.00 loan.

The plaintiff, in reliance upon the information contained in the loan application, and after execution of the note representing the monies received, delivered to the defendant the $300.00 now in question. The defendant testified that at the time of the loan transaction she had experienced considerable financial difficulties and had previously visited her attorney in January of 1981, and again in March of 1981, for advice concerning her financially distressed situation. In March of 1981, she mailed to her attorney the filing fee necessary to institute a Chapter 13 proceeding and file a petition therefor, having already furnished to her attorney all other necessary information to commence the proceeding.

Defendant well knew on April 6, 1981, when applying for the loan that the filing of the petition in bankruptcy was imminent, that the petition had been signed, and that the filing fee had been forwarded to her attorney for this purpose. Notwithstanding this awareness, these factors were not disclosed to plaintiff at the time of the loan application and ultimate approval.

On April 7, 1981, a Chapter 13 petition on behalf of the defendant-debtor was filed. The plaintiff was not listed therein as a creditor and had no knowledge of the Chapter 13 filing. This petition was ultimately dismissed on September 25, 1981. Thereafter, on October 28, 1981, a new Chapter 13 petition was filed by defendant-debtor and thereafter converted to a liquidation proceeding under Chapter 7 on February 23, 1982. The plaintiff here was listed on the petition which originated October 28, 1981. The defendant, at the hearing on the issue of nondischargeability, testified that on April 6, 1981, she did not disclose the then imminent Chapter 13 filing because she "didn't intend for them to know of the Chapter 13," and further understood that her urgent request for the funds in question would perhaps be denied if plaintiff were aware of her financial situation.

### Conclusions of Law

Section 523(a)(2), 11 U.S.C., states in pertinent part:

"(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(2) for obtaining money, property, services, or an extension, renewal, or refinance of credit, by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition; or

(B) use of a statement in writing—

(i) that is materially false;

(ii) respecting the debtor's or an insider's financial condition;

(iii) on which the creditor to whom the debtor is liable for obtaining such money, property, services, or credit reasonably relied; and

(iv) that the debtor caused to be made or published with intent to deceive. . . ."

The burden of proof is upon the plaintiff to prove each element as provided under Rule 407, Rules of Bankruptcy Procedure, which states:

"At a trial on a complaint objecting to a discharge, the plaintiff has the burden of providing the facts essential to his objections."

■ The requirements for determining nondischargeability of a debt incurred by fraud or false representations are: a false representation by the debtor; known to be false at the time it was made; made with the intention and purpose of deceiving the creditor; which was reasonably relied upon by the creditor; which resulted in loss or damage to the creditor as a result of the false representation. See *In Re Valley,* 21 B.R. 674 (Bkrtcy.D.Mass.1982).

Actual fraud "consists of any deceit, artifice, trick or design involving direct and active operation of the mind, used to circumvent and cheat another—something said, done or omitted with the design of perpetrating what is known to be a cheat or deception." 3 *Collier on Bankruptcy,* ¶ 523.-08[5] (15th Ed. 1979). See also *In Re Fox,* 13 B.R. 827, 829 (Bkrtcy.W.D.Ky.1981).

The case of *In Re Call,* 9 B.R. 67 (Bkrtcy. M.D.Ala.1981), is very similar to the situation here before the Court. In *Call, supra,* the debtor induced the credit union to issue a new $2,000.00 check in replacement of a prior check, and the debtor knew at that time she would be unable to repay the debt and would on that date or the next file a bankruptcy petition. The Court found the debtor's actions to constitute an artifice, trick or device which had the purpose and effect of cheating the credit union out of $2,000.00, and the debt was therefore nondischargeable.

■ In the case at bar, the debtor induced the credit union to grant a loan in the amount of $300.00 at a time when she knew the filing of her petition for relief in bankruptcy was imminent, together with her admitted intention not to reveal this fact to the lender constitutes the requisite fraud to place this debt squarely within the nondischargeability provisions of 11 U.S.C. § 523(a)(2)(A).

This Memorandum and Order constitutes Findings of Fact and Conclusions of Law pursuant to Rule 752, R.B.P.

WHEREFORE, in view of the foregoing, applying the law to the facts of the case and the Court being otherwise sufficiently advised,

IT IS ORDERED AND ADJUDGED that the debt in the amount of $300.00 owing to Autotruck Federal Credit Union be and the same hereby is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

IT IS FURTHER ORDERED AND ADJUDGED that each party shall bear its own costs in this action. This is a final order.