**In the Matter of PROVINCETOWN–BOSTON AIRLINES, INC., a/k/a PBA, Debtor(s).**

**Bankruptcy No. 85–617.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

April 2, 1987.

Harley Riedel, Tampa, Fla., for debtor.

Catherine Peek McEwen, Tampa, Fla., Susan Block Lieb, New York City, for E.F. Hutton.

### ORDER ON OBJECTION TO CLAIM # 1849 OF E.F. HUTTON & COMPANY, INC.

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a confirmed Chapter 11 case, and the matter under consideration is an objection to Claim # 1849 filed by E.F. Hutton & Company, Inc. (E.F. Hutton). The objection to the claim is interposed by the representative of the estate appointed pursuant to § 1123(b)(3)(B) of the Bankruptcy

Code on behalf of Provincetown-Boston Airlines, Inc., a/k/a PBA (PBA), the Debtor who sought and obtained relief in this Chapter 11 case. The claim of E.F. Hutton was timely filed on December 12, 1986. The objection interposed by the representative of the estate is based on the contention that this claim is a claim for reimbursement or contribution by E.F. Hutton who is liable with PBA, and such claim is contingent as of the time of allowance or disallowance of such claim for reimbursement or contribution, and therefore, pursuant to § 502(e)(1)(B) the claim cannot be allowed. On December 3, 1986, the representative of the estate and E.F. Hutton agreed to the entry of an order which directed E.F. Hutton to file a written response to the objection by PBA of its claim by PBA; that PBA and E.F. Hutton shall jointly stipulate as to the preliminary legal issues raised by the objection of PBA and they shall stipulate concerning the authenticity of the relevant documents; that counsel for PBA and E.F. Hutton shall submit memoranda of law pertaining to the stipulated preliminary legal issues; that no discovery shall begin before March 16, 1987, or by ruling of this Court on the preliminary legal issues, whichever occurs later; and that subsequent to March 16, 1987, or after the resolution of preliminary legal issues, the Court will schedule a supplemental pre-trial conference to determine the further course of action required to process this contested matter in order to resolve the issues raised by the objection of PBA to the substantive portion of the claim of E.F. Hutton.

Pursuant to the agreed order, E.F. Hutton filed a Response to PBA's Objection to Claim # 1849 on December 15, 1986. On January 29, 1987, a stipulation between PBA and E.F. Hutton was filed pursuant to the December 3, 1986, order. The stipulation provided as follows:

1. The legal issues raised by PBA's Objection to Claim # 1849 of E.F. Hutton is whether E.F. Hutton's claim against PBA for indemnification and contribution with respect to any liability arising from the issuance of PBA securities must presently be disallowed under § 502(e)(1)(B) of the Bankruptcy Code; and

2. The two annexed documents, listed below, are authentic and complete for all purposes concerned in the disposition of the above-mentioned legal issues, but for no other purpose:

(a) Underwriting Agreement, dated September 15, 1983, between E.F. Hutton and PBA; and

(b) consolidated amended class action complaint against E.F. Hutton, *In re Provincetown-Boston Airline Securities Litigation,* MDL No. 669 (S.D.N.Y.1986).

In an apparent oversight the Underwriting Agreement was not attached to the stipulation, but this Court has the Underwriting Agreement in the record since it is attached to E.F. Hutton's proof of claim.

The material facts giving rise to this conflict are not in dispute. E.F. Hutton's claim is for indemnification or contribution by PBA with respect to E.F. Hutton's potential liability arising out of a public offering of PBA common stock. E.F. Hutton was the lead underwriter for this stock offering and PBA entered into the "Underwriting Agreement" with E.F. Hutton on September 15, 1983, which stated that PBA proposed to issue and sell a total of 900,000 shares of its common stock and that E.F. Hutton (acting for itself and a consortium of other underwriters) agreed to purchase the common stock principally for resale to the public. The Underwriting Agreement included a provision for the indemnification of E.F. Hutton in the event that E.F. Hutton was sued in its capacity as underwriter. Specifically, PBA promised to indemnify E.F. Hutton (and each other underwriter) "against any and all loss, liability, claim, damage and expense whatsoever arising out of or based upon any untrue statement of a material nature" contained in the Registration Statement or the Prospectus. *See* Underwriting Agreement ¶ 8.

Certain stockholders filed a suit against E.F. Hutton. Originally there were two separate actions in two different districts, and these are now consolidated and transferred to the U.S. District Court for the Southern District of New York and are still

pending. These are captioned as *In re Provincetown-Boston Airline Securities Litigation*, MDL No. 669, 84 Civ. 9151 (CES) (S.D.N.Y.1986). In the amended consolidated class action the Plaintiffs seek damages against E.F. Hutton and other defendants on behalf of a purported class of PBA common stockholders for alleged violations of § 11 and § 12(2) of the Securities Act of 1933, § 10(b) and Rule 10(b)–5 of the Securities Exchange Act of 1934 and common law fraud, and common law negligent misrepresentation. In essence, the amended complaint alleges a failure by PBA to disclose PBA's noncompliance with Federal Aviation Authority safety regulations *and* its failure to disclose the nonpayment of certain Florida taxes in its Prospectus and Registration Statement.

On June 20, 1986, E.F. Hutton moved to dismiss the complaint for failure to state a cause of action under Rule 12(b)(6) of the Federal Rules of Civil Procedure. That motion has been fully briefed and is currently *sub judice.*

As indicated earlier, the threshold legal issue is whether the claim of E.F. Hutton against PBA for indemnification and contribution with respect to any liability arising from the issuance of PBA securities must be disallowed under § 502(e)(1)(B) of the Bankruptcy Code.

Section 502(e)(1)(B) provides as follows:
(e)(1) Notwithstanding subsections (a), (b), and (c) of this section and paragraph (2) of this subsection, the court shall disallow any claim for reimbursement or contribution of an entity that is liable with the debtor on or has secured the claim of a creditor to the extent that—
(B) such claim for reimbursement or contribution is contingent as of the time of allowance or disallowance of such claim for reimbursement or contribution;

Under this Section, as § 502(e)(1)(B) indicates, three elements must be established for its application: (1) the claim must be one for reimbursement or contribution; (2) the entity asserting the claim for reimbursement or contribution must be "liable with the debtor" on the claim; and (3) the

claim must be contingent at the time of its allowance or disallowance.

Considering the first requirement, it is without dispute and E.F. Hutton concedes that its claim is for indemnification and contribution with respect to any liability which might arise from the pending class action. Thus, the first element necessary for disallowance under § 502(e)(1)(B) has been satisfied.

■ The second element requires that the entity asserting the claim for reimbursement or contribution must be "liable with the debtor" on the claim. E.F. Hutton relies on the legislative history of § 502(e) and contends that its claim is not of the kind subject to disallowance under § 502(e)(1)(B). The legislative history of § 502(e)(1)(B) speaks of the claims of a "co-debtor, surety, or guarantor":

[§ 502(e)], also derived from present law, requires disallowance of the claim for reimbursement or contribution of a co-debtor, surety, or guarantor of an obligation of the debtor, unless the claim of the creditor on such an obligation has been guaranteed in full. The provision prevents competition between a creditor and his guarantor for the limited proceeds in the estate.

H.Rep. No. 95–595, 95th Cong., 1st Sess. 354 (1977); Sen.Rep. No. 95–989, 95th Cong., 2d Sess. 65 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787.

Based on this, E.F. Hutton contends that because E.F. Hutton did not voluntarily accept responsibility for the debts of PBA, as would a surety, guarantor, or co-debtor, the purpose of § 502(e), which is to prevent "competition between a creditor and its guarantor," would not be served by disallowing E.F. Hutton's claim. E.F. Hutton further asserts that its claim arises from the independent contractual obligation of PBA to E.F. Hutton as established by the Underwriting Agreement, and that its claim cannot be construed to arise from a contractual debt within the purview of § 502(e)(1)(B).

The case of *In re Baldwin-United Corp.*, 55 B.R. 885 (Bankr.S.D.Ohio 1985), addresses this issue directly and demonstrates that

E.F. Hutton's argument is without merit. In *Baldwin-United,* the debtor had sold annuity contracts using the services of major brokerage firms. The brokers asserted claims for contribution and indemnity against the Debtor in *Baldwin-United's* Chapter 11 case. The brokers argued that their claims should not be disallowed pursuant to § 502(e)(1)(B) because the Section's application should be limited only to those entities who incurred contractual obligations with the debtor and should not be applied if they are joint tort-feasors. The *Baldwin-United* court dismissed this argument, stating that

> ... the plain language of the statute contains no such limitation. The phrase "an entity that is liable with the debtor" is broad enough to encompass any type of liability shared with the debtor, whatever its basis. Had Congress intended to limit the section to contractual claims, it could easily have written "entity that is contractually liable with the debtor."

*Baldwin-United, supra,* at 890.

The *Baldwin-United* court went on to examine applicable securities law and conclude that "by its very nature a claim for contribution presupposes a sharing of liability and thus [creates] a co-debtor relationship." *Baldwin-United, supra,* at 891.

E.F. Hutton attempts to escape the application of the *Baldwin-United* rationale pointing out that in *Baldwin-United* the brokers sought recovery on the basis of common law indemnification and contribution among joint tort-feasors. While it is true that E.F. Hutton's claim is based upon the express language of the Underwriting Agreement, the Underwriting Agreement is a contract for indemnification and contribution with respect to any liability arising from the issuance of PBA securities. Thus, it is immaterial whether PBA's duty to indemnify arises from the Underwriting Agreement or from common law principles, because the net effect against PBA is the same.

Furthermore, and perhaps most importantly, E.F. Hutton is a co-defendant with PBA in the same civil action in which the Plaintiffs are asserting the joint and several liability of PBA and E.F. Hutton pursuant to federal securities law. Although E.F. Hutton is now asserting its claim against PBA on the basis of its Underwriting Agreement, PBA's duty to indemnify E.F. Hutton if both are found ultimately liable in the class action suit would arise independent of the Underwriting Agreement under the joint and several liability created by federal statute. *See,* 15 U.S.C. § 77k(f).

Based on the foregoing, this Court is satisfied that E.F. Hutton is an entity liable with PBA on the claim, and thus the second element of § 502(e)(1)(B) has been established.

■ The third and final element to be established is whether the claim is contingent at the time of its allowance or disallowance. A contingent claim is by definition a claim which has not yet accrued and which is dependent upon some future event that may never happen. In this case, the future event is the establishment of E.F. Hutton's and PBA's liability in the class action. Unless and until this liability is established, E.F. Hutton's claim is a contingent claim, and thus the third requisite of § 502(e)(1)(B) has been satisfied.

■ Based on the foregoing, this Court is satisfied that, as a matter of law, E.F. Hutton's claim must be disallowed pursuant to § 502(e)(1)(B) as a contingent claim for contribution or reimbursement asserted by an entity which is liable with the Debtor.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Objection to E.F. Hutton's claim be, and the same is hereby, sustained, and E.F. Hutton's claim, Claim # 1849, be and the same is hereby, disallowed pursuant to § 502(e)(1)(B).