**In re A & H, INC., Debtor.**

**Bankruptcy No. MM11–89–01259.**

United States Bankruptcy Court, W.D. Wisconsin.

Dec. 4, 1990.

Edward Corcoran, Brennan, Steil, Basting & MacDougall, S.C., Madison, Wis., for debtor.

James Sweet, Murphy & Desmond S.C., Madison, Wis., for Ryder Truck.

## MEMORANDUM DECISION:

ROBERT D. MARTIN, Chief Judge.

On May 18, 1989 the debtor, A & H, Inc. ("A & H"), filed its bankruptcy petition. On May 31, 1989 Ryder Truck Rental, Inc. ("Ryder"), filed a general unsecured proof of claim in the amount of $14,511,000.00 based upon a November 10, 1988 state court judgment stemming from an accident involving a truck leased from Ryder by the debtor. In that case, Ryder counterclaimed against the debtor on the basis of a contractual indemnification and hold harmless clause in the rental agreement. Judgment against the debtor and its insurer was limited to the amount of their ability to pay, $750,000.00. Ryder was ordered, on a secondary liability theory, to pay the remaining amount of the unpaid judgment against A & H, Inc., $14,511,000.00 plus costs and interest, to the plaintiffs, Julio and Juanita Cortes. No judgment on the indemnification counterclaim has been entered, but Ryder has appealed the judgment in the main case, and has filed an undertaking in order to stay execution of the judgment pending the appeal. Ryder has made no payment to the Corteses.

On September 24, 1990 this court approved the debtor's disclosure statement. On October 24, 1990 Ryder filed an unsecured proof of claim on behalf of Juanita

Cortes in the amount of $1,500,000.00, and an unsecured proof of claim on behalf of Julio Cortes in the amount of $13,711,000.00.

A & H has filed an objection to the proof of claim which Ryder filed on its own behalf, contending that Ryder's claim is contingent pursuant to 11 U.S.C. § 502(e)(1)(B) and should be disallowed. Ryder disagrees. Section 502(e)(1)(B) provides:

(e)(1) Notwithstanding subsections (a), (b) and (c) of this section and paragraph (2) of this subsection, the court shall disallow any claim for reimbursement or contribution of an entity that is liable with the debtor on or has secured the claim of a creditor, to the extent that—

(B) such claim for reimbursement or contribution is contingent as of the time of allowance or disallowance of such claim for reimbursement or contribution[.]

The legislative history to Section 502(e) states that the section:

requires disallowance of the claim for reimbursement or contribution of a co-debtor, surety or guarantor of an obligation of the debtor, unless the claim of the creditor on such obligation has been paid in full. The provision prevents competition between a creditor and his guarantor for the limited proceeds in the estate.

H.Rept. No. 95–595, 95th Cong., 1st Sess. 353–355 (1977), U.S.Code Cong. & Admin. News 1978, pp. 6308–6311.

In *Greatamerican Federal Savings & Loan Association v. Adcock Excavating, Inc.*, 1990 WL 51219, 3 (N.D.Ill.1990), the court commented upon the policies behind Section 502(e)(1)(B):

This provision reflects two Congressional policies. First, this provision reflects a congressional belief that the bankruptcy scheme will most effectively meet its objectives if the bankrupt estate is not burdened by claims which have not come to fruition. Instead, the bankrupt's circumstances should be put into order as expeditiously as possible, allowing the bankrupt to quickly get back on its feet. Furthermore, disallowing con-

tingent claims provides a degree of certainty and finality in the satisfaction of ascertainable claims. See, e.g., *In re Charter Co.*, 862 F.2d 1500 (11th Cir. 1989) (policy underlying 11 U.S.C. § 502(e)(1)(B) to "accord fair treatment to creditors by paying ascertainable claims as quickly as possible"). Second, the provision evidences an intent by Congress to "prevent competition between a creditor and his guarantor for the limited proceeds in the estate." Notes of Committee on the Judiciary, Senate Report No. 95–989, 11 U.S.C.A. § 502, at 32. *See also In re Isaac*, 1990 WL 99305, 3 (E.D.Pa.1990).

In *In re Provincetown–Boston Airlines, Inc.*, 72 B.R. 307, 309 (Bankr.M.D.Fla. 1987), the court stated that under Section 502(e)(1)(B), a proof of claim may be disallowed when the following three elements are present:

(1) the claim must be one for reimbursement or contribution;

(2) the entity asserting the claim for reimbursement or contribution must be "liable with the debtor" on the claim; and

(3) the claim must be contingent at the time of its allowance or disallowance.

This three-part test has been followed in numerous cases subsequent to *Provincetown–Boston Airlines* in which the application of Section 502(e)(1)(B) was under consideration by the courts. *See, e.g., In re Charter Co.*, 81 B.R. 644, 646 (M.D.Fla. 1987), *aff'd* 862 F.2d 1500 (11th Cir.1989); *In re Wedtech Corp.*, 85 B.R. 285, 289 (Bankr.S.D.N.Y.1988); *In re Wedtech Corp.*, 87 B.R. 279, 283 (Bankr.S.D.N.Y. 1988); *In re Hemingway Transport, Inc.*, 105 B.R. 171, 176–77 (Bankr.D.Mass.1989).

Applying the three-part test, it must first be determined whether Ryder's claim is one for reimbursement or contribution. The debtor cites *Charter Co.*, 81 B.R. at 647, for the proposition that "a claim for indemnity is a claim for reimbursement," and thus fits within Section 502(e)(1)(B). *See also In re Pettibone Corp.*, 110 B.R. 837, 848 (Bankr.N.D.Ill.1990) ("A claim for indemnification, as well as contribution, has been considered to be for 'reimbursement'

within § 502(e)(1)(B)"), *citing In re Wedtech Corp.*, 85 B.R. at 289. In our case, Ryder's claim arises from a contractual indemnification and hold harmless clause in the rental agreement signed by A & H. Ryder acknowledges that as to its claim, the first element of the three-part test is satisfied.

With respect to the second element of the test, whether a creditor is an entity "liable with the debtor," the court in *Matter of Baldwin–United Corp.*, 55 B.R. 885, 890 (Bankr.S.D.Ohio 1985), stated that the phrase "is broad enough to encompass any type of liability shared with the debtor, whatever its basis. Had Congress intended to limit the section to contractual claims it could easily have written 'entity that is *contractually* liable with the debtor.' " (emphasis in original). Furthermore in *In re Isaac*, 1990 WL 68875, 2 (E.D.Pa.1990), the court stated that:

> [i]n determining whether an entity is liable with the Debtor as used in that Section [502(e)(1)(B) ], the proper standard is whether the causes of action in the underlying action assert claims upon which, if proven, the Debtor could be held liable but for the automatic stay. Even when a creditor ... ascribes various names or titles to its claims, but each is essentially for reimbursement for moneys to be expended by the creditor, the creditor's claims fall within the scope of disallowance of Section 502(e).

(citation omitted). *See also Charter Co.*, 81 B.R. at 647; *Pettibone*, 110 B.R. at 848. In our case, there has been a state court determination that Ryder is secondarily liable to A & H in a personal injury action. Once again, as to its claim, Ryder acknowledges that the second part of the three-part test is satisfied.

■ Had Ryder not filed proofs of claims on behalf of the Corteses, the debtor might no longer have been liable with Ryder to the Corteses. Because the Corteses' claims were listed in the debtor's schedules as disputed, the Corteses were required by Bankruptcy Rule 3003(c)(2) to file proofs of claim in order to participate in voting and distribution under the plan. Bankruptcy Rule 3003(c)(3) authorizes the bankruptcy court to fix a time within which proofs of claim must be filed. Pursuant to Local Rule 30, proofs of claim could be filed at any time prior to the approval of the disclosure statement unless a different time was fixed by the court. The court did not fix a different filing date, and the disclosure statement was approved on September 24, 1990. The Corteses therefore missed their opportunity to file a claim against the debtor. However, pursuant to Bankruptcy Rule 3005(a), "an entity that is or may be liable with the debtor" to a creditor may, within 30 days after the expiration of the time for filing claims, file a proof of claim in the name of the creditor. In our case, Ryder either is or may be liable with the debtor to the Corteses. On October 24, 1990, and thus within 30 days of the September 24, 1990 expiration date of the time for filing claims, Ryder filed claims on behalf of Julio and Juanita Cortes. The Corteses' claims therefore have been timely filed, and, barring any subsequent disallowance of their claims by this court, the Corteses will be entitled to vote on the plan and to share in any distributions to unsecured creditors under the plan.

■ It yet must be determined whether Ryder's claim is contingent as of the time of its allowance or disallowance, thereby fulfilling the third element of the three-part test. In *In re Early & Daniel Industries, Inc.*, 104 B.R. 963, 967 (Bankr.S.D.Ind.1989), the court stated that "a claim for reimbursement or contribution under 502(e) is contingent, and not allowable, except to the extent that the surety or codebtor has actually paid the underlying claim." Similarly, in *Baldwin–United Corp.*, 55 B.R. at 895, the court stated that "if a codebtor has not paid the creditor and established his right to payment from the debtor as of the date of the ruling on the objection, his claim is contingent and must be disallowed under § 502(e)(1)(B)." *See also Isaac*, 1990 WL 99305, 3. Ryder essentially argues that by filing the required undertaking (i.e., appeal bond), it has guaranteed payment to the Corteses in the event the judgment is upheld on appeal, and that therefore its claim is not contingent. However, when

one examines the effect of the appeal bond on the claims in the debtor's estate, it becomes clear that payment of the bond cannot be construed as equivalent to payment of the Corteses, and that such payment does not render Ryder's claim non-contingent.

In *Charter Co.*, 81 B.R. at 648, the court explained the operation of Section 502(e)(1)(B):

> In essence, § 502(e)(1)(B) balances the interests of the bankrupt, direct creditors of the bankrupt, and codebtors of the bankrupt. This last group asserts a derivative right against the debtor, based on the debt both parties owe to a third party. The codebtor gains entitlement to assert reimbursement and contribution claims only to the extent the codebtor makes these claims certain, that is, removes the third party from the debt relationship by compensating that party. *See id.* [Lawrence P. King, 3 *Collier on Bankruptcy* ¶ 502.05[1] (15th ed. 1979) ]. Otherwise, the bankrupt's estate would be unable to distribute assets to direct creditors because the monies are being held in anticipation of claims which may never materialize. Since the third party would still hold a right against the codebtor, the interests balance against the codebtor and in favor of the other creditors. *See Matter of Fox*, 64 B.R. 148, 150–51 (Bankr.N.D.Ohio 1986).

In our case, A & H is "the bankrupt," the Corteses are "the direct creditors of the bankrupt," and Ryder is "the codebtor of the bankrupt." Ryder is asserting a derivative right against A & H, based on the state court judgment both Ryder and A & H owe the Corteses. Although Ryder has filed an appeal bond, it has not removed the Corteses from the debt relationship by compensating them. Ryder's reimbursement and contribution claims thus have not been made certain. Were it otherwise, A & H's estate would be unable to distribute assets to its direct creditors because the monies would be held in anticipation of claims (such as Ryder's) which may never materialize (i.e., the state court judgment may be affirmed on appeal, and Ryder may lose on its counterclaim in the lower court as well as on any subsequent appeals). Because the Corteses still hold a right against Ryder, the interests balance against Ryder and in favor of the other creditors. *See GreatAmerican Federal Savings & Loan Association*, 1990 WL 51219, 3 ("Section 502(e)(1)(B) evinces the congressional determination that those parties secondarily liable on the bankrupt's debt are entitled to a less favored status than are creditors.") Ryder's claim is contingent at this, the time of allowance or disallowance. The third and final part of the three-part test is thus satisfied.

Accordingly, A & H's objection to Ryder's proof of claim is hereby sustained.