**In re Wesley A. KRUEGER, and Judith A. Krueger, Debtors.**

**Bankruptcy No. 91–00018–13.**

United States Bankruptcy Court,
D. Idaho.

May 20, 1991.

Carolyn K. Justh, Brown & Justh, Coeur d'Alene, Idaho, for debtors.

Michael J. Newell, Sims, Liesche, Newell, Kelso, Cartwright, Wallace & Wallace, Coeur d'Alene, Idaho, for Metropolitan Mortg.

Dennis M. Davis, Cox & Davis, Coeur d'Alene, Idaho, for Fuhrs. L.C. Spurgeon, Trustee.

## MEMORANDUM OF DECISION

ALFRED C. HAGAN, Chief Judge.

The debtors want their chapter 13 plan confirmed and the liens of Metropolitan Mortgage & Securities Company, Inc., and Steven and Sharon Fuhr avoided. The debtors also object to the Metropolitan claim.

Metropolitan Mortgage and the Fuhrs object to confirmation and the avoidance of their liens, claiming the liens are not avoidable under 11 U.S.C. § 522(f). Metropolitan also moves for stay relief, and objects to the debtors' claim of homestead exemption.

## FACTS

The real property in issue was sold by Julian S. Lovlyn and Lillian M. Lovlyn to Danielle C. Green and Stewart Salkin by a contract of sale in May of 1980. In January of 1983 the Lovlyns assigned their seller's interest in the contract to Metropolitan. In August of 1983 Green and Salkin assigned their purchaser's interest in the contract to the Fuhrs. Later, under date of November 7, 1986, an amendment to the contract of sale was entered into between Metropolitan and the Fuhrs whereby the Fuhrs assumed the obligation to pay Metropolitan the amount remaining due under the contract of sale. The Fuhrs assigned their interest in the property to the debtors in November of 1986.

When the debtors defaulted in the payments to Metropolitan, suit was filed by Metropolitan in the District Court of the State of Idaho to foreclose its seller's interest under the contract of sale. The Fuhrs and the debtors, along with their predecessors in interest in the property, were named defendants. The Fuhrs cross-claimed against the debtors. Metropolitan obtained a judgment against the debtors for the remainder of the purchase price and an order directing the real property be sold at an execution sale to satisfy the judgment. No judgment was apparently entered against the other defendants, including the Fuhrs, but the Fuhrs obtained a judgment of indemnification against the debtors and a money judgment for $764.80, plus interest, as costs and attorney's fees.

Prior to the execution sale, the debtors filed their chapter 13 petition in this Court. Apparently the Fuhrs judgment was recorded as a judgment lien under Idaho law, but the Metropolitan judgment was not, prior to the debtors' filing.

The real property improvements consist of a duplex. The debtors live in one unit and rent the other.

## CONTENTIONS

The debtors' contend Metropolitan does not hold a secured claim since any security or ownership interest held by Metropolitan in the real property was merged into the judgment lien which is a voidable lien under the provisions of Section 522(f). Debtors also contend the failure to record the judgment is material to Metropolitan's lack of a secured claim, as is the fact Metropolitan elected to sue to collect the unpaid purchase price as opposed to an action to foreclose, and thus, under Idaho's "one action" rule, the security interest has been lost. Metropolitan obviously disagrees and claims it has a valid secured claim as a result of its sellers interest in the property under an unrecorded contract of sale of real property. The Fuhrs also claim a security interest in the real property as a result of their assignment of their purchasers interest to the debtors. They further claim a secured interest under the Idaho vendor's lien statute, Idaho Code § 45–801. Further contentions are made by the parties, respectively, concerning the fact the real property improvements involve a duplex.

## DISCUSSION

 Under Idaho law, a seller under an executory contract of sale holds legal title to the real property while the purchaser holds an equitable ownership interest.[1]

1. *Ellis v. Butterfield,* 98 Idaho 644, 570 P.2d 1334 (1977); *Rush v. Anestos,* 104 Idaho 630, 661 P.2d 1229 (1983).

As stated in the Idaho Supreme court case of *Rush v. Anestos:* "An installment land sale contract works an equitable conversion of the land. The land sale contract is said to place equitable ownership in the vendee with the vendor merely holding legal title as security for payment of the debt."[2] Thus, Metropolitan has a secured status, the extent of which is measured by the unpaid purchase price and the other executory conditions of the land sales contract. The foreclosure effort in state court cannot affect the nature of this security interest by changing it to an avoidable judgment lien under Section 522(f). The Metropolitan lien is in the nature of a consensual lien. The lien retains its categorization as a statutory lien despite its merger into a secured interest obtained through a judgment.[3] The claim of Metropolitan is a secured claim, not subject to avoidance under Section 522(f).

■ The situation is different with the Fuhrs. The Fuhrs never held legal title to the property, but only an equitable interest as purchasers under the real estate sales contract. They retained no interest in the property when they assigned their interest in the contract to the debtors. There was thus no "equitable conversion of the land" which afforded the Fuhrs a secured interest and the Fuhrs held no secured claim against the debtors until they obtained, and recorded, their judgment. Nor do the Fuhrs have a vendor's lien under the provisions of Idaho Code § 45–801[4]. The Fuhrs hold no claim against the debtors as a result of the indemnity judgment since their claim at the time of the filing of the debtors' chapter 13 petition was totally contingent upon the Fuhrs' potential liability to Metropolitan. The claim is subject to the provisions of 11 U.S.C. § 502(e)(1)(B). According to that section, a claim for "reimbursement or contribution" is denied if such claim is contingent at the time of its allowance or disallowance[5]. The Fuhrs indemnity claim is for reimbursement or contribution contingent on the amount they are required to pay Metropolitan. The Fuhr indemnity claim will thus be denied.

The Fuhrs' judgment, therefore, did not arise from any secured interest and is avoidable under Section 522(f) to the extent it impairs the debtors' homestead exemption.

■ Metropolitan has not violated the Idaho "single action" rule.[6] Judicial foreclosure of a seller's interest in a land sales contract is an accepted form in Idaho.[7]

The state court judgment granted a money judgment and ordered foreclosure on the property through the form of an execution sale. Such is not prohibited by the statute.

■ Although the judicial lien of the Fuhrs against the homestead exemption must be avoided, the judicial lien cannot be avoided against the non-exempt property of the debtors.[8] This raises the issue of the effect of the duplex character of the real property improvements. One-half of the duplex is exempt property but the other one-half, which is income producing, is not exempt property. The real property cannot easily be divided into exempt and non-exempt property, except through a partition procedure under state law. To the extent the real property is not exempt, the lien will not be avoided and the debtors may

2. *Id.* 104 Idaho at 633, 661 P.2d at 1231.

3. *See In re Wilson,* 90 I.B.C.R. 425; *In re Fritts,* 88 I.B.C.R. 212.

4. Idaho Code § 45–801. Vendor's Lien.—One who sells real property has a vendor's lien thereon, independent of possession, for so much of the price as remains unpaid and unsecured otherwise than by the personal obligation of the buyer.

5. 11 U.S.C. § 502(e)(1)(B) states: such claim for reimbursement or contribution is contingent as of the time of allowance or disallowance of such claim for reimbursement or contribution; or;
See, *In re A & H, Inc.,* 122 B.R. 84 (Bankr.W.D. Wis.1990).

6. I.C. § 6–101.

7. See discussion of the election of remedies issue in the Idaho Court of Appeals decision of *Keesee v. Fetzek,* 106 Idaho 507, 681 P.2d 600 (1984).

8. *In re Clausen,* 90 I.B.C.R. 154.

provide for payment of the Fuhrs' allowed secured claim by providing for payment of the $764.80, plus interest, portion of the Fuhr judgment in their chapter 13 plan.

In accordance with the foregoing, a separate order will be entered granting the debtors' motion to avoid the Fuhrs judgment lien except for the $764.80 plus interest judgment; denying the debtors' motion to avoid the lien of Metropolitan; denying the Metropolitan objection to the debtors' homestead exemption; denying confirmation of the debtors' proposed chapter 13 plan but allowing thirty days for the filing of a new plan. Conditioned upon the debtors filing another plan which will treat the allowed secured claim of Metropolitan and the Fuhrs, the Metropolitan motion for stay relief will be denied. The debtors' objection to the secured claim of Metropolitan will also be denied.

A separate order will be entered.