**In re Howard Jay NEMOVITZ, Debtor.**

**Donald W. FIELDS, Plaintiff,**

**v.**

**Howard Jay NEMOVITZ, a/k/a Howard Nemovitz, Defendant.**

**Bankruptcy No. 91–9495–8P7. Adv. No. 91–701.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

April 8, 1992.

---

David W. Fields, Tampa, Fla., for plaintiff.

John A. Yanchunis, St. Petersburg, Fla., for defendant.

## ORDER ON MOTION TO DISMISS COMPLAINT

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing with notice to all parties in interest to consider a Motion filed by the Defendant, Howard Jay Nemovitz, a/k/a Howard Nemovitz (Debtor) to dismiss the five-Count Complaint filed by Donald W. Fields (Plaintiff). The first three Counts of the Complaint are based on 11 U.S.C. § 523(a)(2)(A), Count IV is based on 11 U.S.C. § 523(a)(6), and Count V is based on the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 *et seq.* (sic). Through the Motion to Dismiss, the Debtor contends that the Plaintiff is now barred from litigating the claims set forth in Counts I through IV based on the doctrine of *res judicata.* Although *res judicata* is an affirmative defense (FRBP 7009, adopting FRCP 9) which should be set forth in the Debtor's answer and then raised before trial by way of a Motion for Summary Judgment, this Court will consid-

er the issue in the manner presented. In the alternative the Debtor claims that Counts I–IV fail to state causes of action upon which relief may be granted and therefore should be dismissed.

■ The Debtor also contends that Count V should be dismissed because it seeks a determination that a debt owing by the Debtor to the Plaintiff should be determined to be nondischargeable as certain acts of the Debtor allegedly were in violation of RICO (sic). As a threshold matter, it should be noted that all actions seeking a determination of nondischargeability of a debt must stand or fall on the provisions of § 523 of the Bankruptcy Code. As there is no provision in § 523 specifically excepting debts arising from RICO violations from the debtor's overall discharge, this Count of the Complaint is without merit.

The Plaintiff's Complaint sets forth the following general allegations which are incorporated in each of the five Counts: On April 7, 1986 the Plaintiff and California Custard (Custard), William Wysocki (Wysocki) and the Debtor entered into an Asset Purchase Agreement (Agreement). Pursuant to the Agreement, Custard, Wysocki and the Debtor agreed to purchase assets from the Plaintiff for a purchase price of $75,000.00. In connection with the Agreement Custard executed a promissory note (Note) in the amount of $75,000.00, which was guaranteed by Wysocki and the Debtor. Custard also executed a security agreement granting the Plaintiff a security interest in a continuous batch freezer (Freezer). Custard, Wysocki and the Debtor obtained possession of the assets, and Custard commenced payment under the $75,000.00 Note, but ultimately defaulted.

On October 5, 1989, the Plaintiff filed a Complaint in the Circuit Court in Pinellas County, Florida against Custard, Wysocki and the Debtor seeking damages based on their failure to make payments as required under the Agreement, Note and Guarantees. On October 13, 1989, the parties entered into a Stipulation and Joint Motion for Entry of Final Judgment. On October 25, 1989, the Circuit Court entered a Final Judgment in favor of the Plaintiff based on the Stipulation determining that Custard, Wysocki and the Debtor were jointly and severally liable to the Plaintiff in the amount of $97,853.97 based on their default under the Agreement, Note and the Guarantees.

On October 13, 1989, the Plaintiff, Wysocki and the Debtor entered into an Amendment to Asset Purchase Agreement, Secured Note, Security Agreement and Guarantee Agreement (Amendment). The Amendment provided in pertinent part that the Plaintiff would refrain from enforcing the Final Judgment so long as Wysocki or the Debtor paid the Plaintiff $300.00 per month in interest-only payments commencing November 1, 1989 and a lump sum payment of $84,000.00 in satisfaction of the Final Judgment not later than November 1, 1990. Wysocki and the Debtor defaulted under terms of this Amendment and on July 23, 1991, the Debtor filed his voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code.

In Counts I–III of the Complaint, the Plaintiff alleges that the Debtor made certain false representations and thereby fraudulently induced the Plaintiff to enter into the Agreement, and as a result, the debt owed by the Debtor to the Plaintiff should be determined to be nondischargeable pursuant to § 523(a)(2)(A). In Count IV of the Complaint, the Plaintiff alleges that under the terms of the security agreement, the Debtor was required to "keep the [Freezer] free from any adverse liens, security interest or encumbrance" and that he failed to do when he did not pay the total balance due to a mechanic for engineering and reconfiguration work performed upon the Freezer. It should be noted at this point that the Debtor did not execute the security agreement individually, but did so only as the president of Custard. In addition, the Plaintiff alleges that the Debtor deliberately and intentionally placed the Freezer beyond the reach of the Plaintiff without Plaintiff's authorization, thereby wilfully exercising dominion and control over the Freezer to the exclusion of the Plaintiff's right of possession.

As noted previously, it is the Debtor's contention that the Plaintiff did not raise issues of fraud or tort in the Circuit Court suit, that these claims could have been advanced in the Circuit Court suit, that these theories of recovery arise out of the same transactions under which the Plaintiff sued in the Circuit Court and, therefore, the doctrine of *res judicata* bars the Plaintiff from pursuing those claims now in this Court. In support of his contention, the Debtor relies on the cases such as *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980); *Nilsen v. City of Moss Point, Miss.*, 701 F.2d 556 (5th Cir.1983); *Lovell v. Mixon*, 719 F.2d 1373 (8th Cir.1983); and *In re Jaquis*, 131 B.R. 1004 (Bankr.M.D.Fla.1991) for the proposition that *res judicata* bars all claims that were or could have been advanced in support of the cause of action on the occasion of its former adjudication.

In opposition, the Plaintiff relies on the case of *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979), a case with facts very similar to the facts in the matter before this Court. In *Brown v. Felsen*, the parties settled a state court collection suit by stipulation and the entry of a consent judgment. In the state court litigation, a cross claim had been filed alleging misrepresentation and fraud. However, the stipulation entered into between the parties did not reflect whether the judgment was based on the alleged misrepresentation and fraud. The debtor then filed his voluntary Petition, and the creditor filed a complaint to establish that the debt was not dischargeable pursuant to § 17(a)(2) and 17(a)(4) of the Bankruptcy Act, based on the debtor's alleged fraud, deceit and malicious conversion.

The Supreme Court granted certiorari to resolve the conflict between the Circuits on the question "whether extrinsic evidence may be admitted in order to determine accurately the dischargeability under § 17 of a debt previously reduced to judgment in state court." As the Supreme Court noted,

*Res judicata* insures the finality of decisions. Under *res judicata*, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. United States*, 440 U.S. 147, 153, 59 L.Ed.2d 210, 99 S.Ct. 970, 973 (1979). *Res judicata* prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding. *Chicot County Drainage District v. Baxter State Bank*, 308 U.S. 371, 378, 84 L.Ed. 329, 60 S.Ct. 317, 320 (1940); 1 B J. Moore, Fed.Prac. ¶ 0.405[1] (2nd Ed.1974). *Res judicata* thus encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes.

In determining that the principles of *res judicata* did not apply, the Court noted that the creditor was not asserting a new ground for recovery nor was he attacking the validity of the prior judgment. Rather, as the Court noted, "what [the creditor] is attempting to meet here is the new defense of bankruptcy which [the debtor] has interposed between [the creditor] and the sum determined to be due him." In so holding the Court rejected the debtor's claim that the state court collection suit is the appropriate forum for resolving all debtor-creditor disputes, including those concerning dischargeability and noted that "[c]onsiderations material to discharge are irrelevant to the ordinary collection proceeding." *Id.*, 442 U.S. at 131, 99 S.Ct. at 2209, 60 L.Ed.2d at 773.

There can be no question that the character of the liability liquidated in the Circuit Court was not and could not have been established in that forum for the simple reason that § 523(c) mandates that any claim of nondischargeability based on § 523(a)(2), (4), or (6) must be determined by the bankruptcy court. Because of this, and or the reasons set forth in *Brown v. Felsen, supra*, this Court is satisfied that *res judicata* does not bar the Plaintiff from litigating the nondischargeability claims set forth in Counts I–IV of his Complaint.

In addressing the Debtor's alternative argument that Counts I–IV fail to state

causes of action upon which relief may be granted, it should be noted that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *McKinnis v. Mosely*, 693 F.2d 1054 (11th Cir.1982).

■  To state a claim based on 11 U.S.C. § 523(a)(2)(A), a creditor must allege that the Debtor obtained money, property, or an extension of credit by false pretenses, a false representation, or actual fraud. In the case of a false representation, the Plaintiff must allege that the Debtor made a representation which was false and that it was made "with the purpose and intention of deceiving the creditor; the creditor relied on such representation; his reliance was reasonably founded; and the creditor sustained a loss as a result of the representation." *In re Hunter*, 780 F.2d 1577 (11th Cir.1986). Actual fraud may include a debtor's wilful concealment or omission of material facts. *In re Gitelman*, 74 B.R. 492 (Bankr.S.D.Fla.1987).

■  In Count I, the Plaintiff alleges that in connection with the Agreement, the Debtor represented that he had purchased a business "for $400,000 in cash" but in fact had obtained financing from a bank for $300,000 of the $400,000, and therefore the Debtor's statement was false. In construing the facts alleged in the light most favorable to the Plaintiff, the Plaintiff has failed to state a claim upon which relief may be granted. Even assuming that all allegations in Count I are true, the Debtor's representation that the company was purchased "for $400,000 in cash" would still be true.

■  In Count II, the Plaintiff alleges that the Debtor had a duty to disclose certain facts to the Plaintiff in connection with the Agreement, but failed to do so, that the failure to disclose these facts constitutes fraudulent concealment, and that the Plaintiff relied on the Debtor's superior knowledge and suffered damages. Although the proof of this claim is a different matter, it is possible that the Plaintiff may be able to prove facts which would entitle him to judgment in his favor on this Count. Therefore, this Count states a cause of action under § 523(a)(2)(A).

■  In Count III, the Plaintiff alleges that the Debtor so grossly exaggerate the value of the Freezer that his statements constitute fraudulent misrepresentations. This Court is satisfied that this Count states a claim upon which relief may be granted. An alleged misrepresentation of value may support a fraud claim, if the valuation is completely without foundation and is more than mere puffing. *In re Calvo*, 111 B.R. 1003 (Bankr.M.D.Fla.1990).

■  Finally, Count IV alleges that the Debtor "deliberately and intentionally placed the [Freezer] beyond the reach of Plaintiff without Plaintiff's authorization thereby willfully exercising dominion and control over the [Freezer] to the exclusion of Plaintiff's right of possession ..." Based on this, the Court is satisfied that the Plaintiff has stated a cause of action seeking a determination of nondischargeability of debt based on willful malicious injury to property. As has been well established, a debt arising from an unlawful conversion may be nondischargeable under § 523(a)(6). *See In re Van Loan*, 114 B.R. 760 (Bankr.M.D.Fla.1990).

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion is granted in part, and Counts I and V are hereby dismissed with prejudice. It is further

ORDERED, ADJUDGED AND DECREED that the Motion is denied as to Counts II, III and IV, and a pre-trial conference on these Counts is hereby scheduled on June 19, 1992 at 9:15 am in Courtroom A, 4921 Memorial Highway, Tampa, Florida.

DONE AND ORDERED.