In re Daniel L. **BONNETT** and Kathryn M. Bonnett, Debtors.

**LOUSBERG, KOPP, KUTSUNIS and WENG, P.C., Plaintiff,**

v.

**Daniel L. BONNETT and Richard E. Barber, Chapter 7 Trustee, Defendants.**

**Bankruptcy No. 92–81426. Adv. No. 92–8189.**

United States Bankruptcy Court, C.D. Illinois.

June 29, 1993.

See also 158 B.R. 125.

---

Frederick P. Kopp, Lousberg, Kopp, Kutsunis, and Weng, P.C., Rock Island, IL, for plaintiff.

Barry M. Barash, Richard A. Dahl, Barash, Stoerzbach & Henson, Galesburg, IL, for defendants.

Richard E. Barber, Galesburg, IL, chapter 7 trustee.

## OPINION

WILLIAM V. ALTENBERGER, Bankruptcy Judge.

One of the Debtors, DANIEL L. BONNETT, (DEBTOR), an attorney, was a shareholder in the Plaintiff law firm (FIRM) conducting its practice as a professional corporation. The DEBTOR decided to withdraw from the FIRM and move to Arizona. At that time he had overdrawn his income account. When he withdrew, the FIRM and the DEBTOR agreed that the amount of the overdraw would be applied against the value of his stock in the FIRM and that he would be paid the balance. The amount applied was $16,416.31 and the DEBTOR received $3,000.00 in cash. He then filed a Chapter 7 proceeding in bankruptcy. His trustee then contacted the FIRM about recovering the $16,416.31 as a preference.[1]

The trustee's action prompted the FIRM to file a five count complaint against the DEBTOR and the Trustee. Count I is a common count and seeks no relief. The next four counts are all based upon the same factual allegations found in common Count I as summarized in the previous paragraph of this opinion. Count II is under the Federal Securities Act of 1933, in particular § 77$l$(2), to rescind the transaction as to both Defendants and for judgment against the DEBTOR for the pur-

---

1. As of this date no adversary proceeding to recover the alleged preference has been filed.

chase price, on the grounds the DEBTOR sold his stock back to the FIRM while omitting to state a material fact which made his statements misleading, i.e. he failed to state he was filing bankruptcy, 15 U.S.C.A. § 77a, et seq., § 77*l*(2). Count III is under the Illinois Securities Law of 1953, in particular, § 137.12(G) and § 137.13 A.(1), also for rescission as to both Defendants and for judgment against the DEBTOR for the purchase price. 815 ILCS 5/12, § 137.12(G) and 815 ILCS 5/13, § 137.13 A.(1). Count IV is under the Federal Securities Act of 1934, in particular 15 U.S.C. § 78j(b) and 17 CFR § 240 10b–5 seeking damages from the Debtor. Count V is under § 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), seeking to have any damages arising out of the rescission declared nondischargeable as being incurred by false representations.

Both the DEBTOR and the Trustee filed motions to dismiss and the FIRM filed a motion for summary judgment under Counts II and III. The Trustee's motion to dismiss raises two points. First, he is not a proper party to any action for rescission and damages, as the estate got no money from the transaction.[2] Second, if the transaction is rescinded, it would insulate the $16,416.31 from the preference claim of the Trustee, as it would place the stock back into the DEBTOR's estate with no market for the stock in a closely held law firm and permit the FIRM to keep the $16,416.31. But if the transaction stands, he will be able to reach the $16,416.31 through a preference action.

The DEBTOR's motion to dismiss raises several points. First, the setoff was improper as the element of mutuality was missing. Second, there is no allegation of any misleading statements. Third, the DEBTOR has no control over the Trustee pursuing the preference action. Fourth, the transaction does not fall within the scope of the Securities Act of 1933, as it was secondary trading. Fifth, before a securities law violation can be pursued, the FIRM must prove a nondischargeable debt is involved.

In this multi-count complaint against multi defendants, it is helpful to keep in perspective exactly what relief is sought from each defendant. Only Counts II and III, alleging a violation of the federal and state securities laws, are directed to the Trustee. As to those two counts, the FIRM does not seek any monetary damages from the Trustee. It only seeks rescission. The FIRM argues that if a violation occurred, it has a remedy which is not lost through the intervening bankruptcy. Even assuming a violation of the federal and state securities laws, the Trustee's motion to dismiss should be allowed. Prior to the bankruptcy filing, the FIRM's remedy would be against the DEBTOR to seek rescission and for monetary compensation. However, with the bankruptcy filing, the FIRM's remedy is split into claims against the DEBTOR and the DEBTOR's bankruptcy estate represented by the Trustee. As to the DEBTOR's bankruptcy estate, the FIRM's remedy is to assert a monetary claim. The Trustee can oppose it if he feels it is unjustified. If a claim is established, the FIRM then shares with all other creditors of the same class who are entitled to a distribution from the estate. The FIRM can get nothing more from the DEBTOR's bankruptcy estate. In these two counts the FIRM doesn't seek monetary damages from the bankruptcy estate, only rescission. But rescission is not an available remedy the FIRM can exert against the DEBTOR's bankruptcy estate. Therefore, the complaint as to the Trustee should be dismissed.

As to the Debtor, this Court also starts with the assumption that a violation of the federal and state securities law occurred. That violation gave rise to a claim which is dischargeable by the bankruptcy filing unless the FIRM invokes § 727 or § 523 of the Bankruptcy Code, 11 U.S.C. § 727 and § 523. The FIRM is pursuing the claim under § 523(a)(2)(A). What the FIRM must allege and prove is a violation of § 523(a)(2)(A). Just because the underlying facts which give rise to the alleged

---

**2.** Only Counts II and III are directed to the     Trustee.

**30**

violation of § 523(a)(2)(A) also form the basis of a federal or state securities law violation, is irrelevant. As is pointed out in *In re Nemovitz,* 142 B.R. 472 (Bkrtcy. M.D.Fla.1992):

> The Debtor also contends that Count V should be dismissed because it seeks a determination that a debt owing by the Debtor to the Plaintiff should be determined to be nondischargeable as certain acts of the Debtor allegedly were in violation of RICO (sic). As a threshold matter, it should be noted that all actions seeking a determination of nondischargeability of a debt must stand or fall on the provisions of § 523 of the Bankruptcy Code. As there is no provision in § 523 specifically excepting debts arising from RICO violations from the debtor's overall discharge, this Count of the Complaint is without merit.

Here, just as in that analogous case, there is no provision in § 523 which specifically excepts debts arising from a securities law violation from the Debtors' discharge. The FIRM's claim against the Debtors will stand or fall based upon § 523. Therefore, as to Counts II, III, and IV, the Debtor's motion should be allowed. However, the Debtor's motion to dismiss as to Count V is denied. If the FIRM can prove the elements necessary to establish a violation of § 523(a)(2)(A) it will be entitled to have the debt declared nondischargeable.

As this Court is dismissing Counts II and III, there is no need to consider the FIRM's motion for summary judgment as to those two counts.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.