**In re Daniel Lee BONNETT and Kathryn Marie Bonnett, Debtors.**

**LOUSBERG, KOPP, KUTSUNIS AND WENG, P.C., Plaintiff,**

v.

**Daniel Lee BONNETT, Defendant.**

**Bankruptcy No. 92–81426. Adv. No. 92–8189.**

United States Bankruptcy Court, C.D. Illinois.

Sept. 9, 1993.

Frederick P. Kopp, Lousberg, Kopp, Kutsunis and Weng, P.C., Rock Island, IL, for plaintiff.

Barry M. Barash, Richard A. Dahl, Barash, Stoerzbach & Henson, Galesburg, IL, for defendant, Daniel L. Bonnett.

## OPINION

WILLIAM V. ALTENBERGER, Bankruptcy Judge.

Before the Court are the motions of the Plaintiff law firm (FIRM) to reconsider an order of this Court dismissing several counts of its complaint and a motion to amend its complaint. 156 B.R. 27. A hearing was held on August 19, 1993, and the matter was taken under advisement.

By a prior order and opinion dated June 29, 1993, this Court dismissed several counts of the complaint brought by the FIRM which alleged violations of federal and state securities laws. This Court held that the FIRM's remedy against the Chapter 7 Trustee was limited to a claim for monetary damages and that its claim against the Debtor was limited to the bringing of an action to have the debt declared nondischargeable or an action to have the Debtor's discharge denied. The only Count remaining in the adversary proceeding was just that, an action to have the debt determined to be nondischargeable under § 523(a)(2)(A).

The FIRM filed a motion to reconsider, arguing that its claims for violations of the securities laws are post-petition claims which are not discharged by the Debtor's bankruptcy because such claims did not arise until the Debtor actually filed his bankruptcy petition. The FIRM also filed a motion to add Count VI to its complaint, which seeks a declaration that the alleged post-petition claims against the Debtor are

not discharged pursuant to Section 727 of the Bankruptcy Code.

A brief recitation of the facts, taken from this Court's prior opinion is in order. The Debtor, an attorney and shareholder in the FIRM, decided to withdraw from the FIRM and move to Arizona. At that time he had overdrawn his income account. When he withdrew, the FIRM and the Debtor agreed that the amount of the overdraw would be applied against the value of his stock in the FIRM and that he would be paid the balance. The amount applied was $16,416.31 and the Debtor received $3,000.00 in cash. The Debtor then filed a Chapter 7 proceeding in bankruptcy. The Chapter 7 Trustee then contacted the FIRM about recovering the $16,416.31 as a preference. The FIRM then filed this proceeding.

It is important to note that as yet the FIRM has suffered no damages as a result of the transaction. To date, no adversary proceeding has been filed by the Trustee to recover the alleged preference. The Bankruptcy Code defines "claim" in § 101(5):

(5) "claim" means—

(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or

(B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

11 U.S.C. § 101(5). The FIRM's theory is that if it had been aware that the Debtor intended to file bankruptcy immediately after the sale of stock to the FIRM, thereby exposing it to liability to the Trustee, the FIRM never would have entered into the transaction. The FIRM does not contend that the sale price was excessive or that the transaction itself was fraudulent. The

FIRM asserts that because it had no cause of action until the Debtor filed bankruptcy, its claim is post-petition and not discharged.

▮▮▮ Courts have not, however, held that an accrued cause of action is the prerequisite to the existence of a claim. *See In re Clinton Centrifuge, Inc.*, 81 B.R. 844 (Bkrtcy.E.D.Pa.1988); *In re Johns–Manville Corp.*, 57 B.R. 680 (Bkrtcy.S.D.N.Y. 1986). Contingent claims are included within the broad definition of claims in the Bankruptcy Code. *In re Chateaugay*, 87 B.R. 779 (S.D.N.Y.1988). A "contingent claim" is a claim which has not yet accrued and which is dependent upon some future event that may never happen. *In re Provincetown Boston Airlines, Inc.*, 72 B.R. 307 (Bkrtcy.M.D.Fla.1987). As the court noted in *Clinton Centrifuge, supra*, relevant to the determination of whether a "right to payment" existed pre-petition is whether the potential claimant and the debtor had a prebankruptcy legal relationship. The focus is upon when the misconduct by the debtor took place. In the present case, from the instance that the sale occurred, the FIRM had a claim for violation of the securities laws,[1] contingent upon the Debtor actually filing bankruptcy and the Trustee pursuing the preference claim. Just because a claim is contingent does not transform it from a pre-petition claim to a post-petition claim. *In re Affiliated Food Stores, Inc.*, 123 B.R. 747 (Bkrtcy.N.D.Tex.1991). Indeed, as the Debtor points out, should the Trustee pursue the preference claim and recover from the FIRM, the FIRM's claim is treated as having arisen before the date of the filing of the bankruptcy under § 502(h) of the Bankruptcy Code. The remedy available to the FIRM is to seek to have the debt, if any, determined to be nondischargeable. This is the same result which occurs when a creditor claims that the debtor fraudulently induced the creditor to enter into a contract or transaction, intending at the time to file bankruptcy and discharge the

---

**1.** For purposes of the Court's discussion, the Court is presuming that a violation of the securities laws did occur.

obligations arising therefrom. *See In re Dimmitt,* 132 B.R. 617 (Bkrtcy.W.D.Mo. 1991); *In re Ray,* 26 B.R. 521 (Bkrtcy. W.D.Ky.1983).

■ Any other result would undermine the purposes of the Bankruptcy Code. The principal function of bankruptcy law is to ascertain and implement in a single collective proceeding the entitlements of all parties involved. *In re American Reserve Corp.,* 840 F.2d 487 (7th Cir.1988). An overriding purpose is to provide the debtor with a new start, free from the pressures of pre-existing debt. *In re McDonald,* 129 B.R. 279 (Bkrtcy.M.D.Fla.1991). If creditors were free, outside the realm and control of the bankruptcy court to pursue their claims, which arise solely as a result of the filing of the bankruptcy petition, the uniformity and final adjudication which the law attempts to accomplish would never be achieved.

Accordingly, this Court perceives no error in its prior opinion and order and denies both the FIRM's motion to reconsider and its motion to amend its complaint.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.