**WILLIAMSON, Plaintiff-Appellant, v. RUBICH et, Defendants-Appellees.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3949. Decided November 14, 1957.

## 406

Robert S. Hartford, East Palestine, Brooks, Lynch & MacDonald, East Liverpool, for plaintiff-appellant.

Harrington, Huxley & Smith, Youngstown, for defendants-appellees.

### OPINION

By NICHOLS, PJ.

A history of the litigation leading up to the action which comes to this court on appeal upon questions of law is succinctly stated in the journal entry of the Court of Common Pleas of Columbiana County, which journal entry is attached to and made a part of the bill of exceptions now before this court. That entry reads as follows:—

"This day this cause came on to be heard on the motion of the defendant, Janet Williamson, made under §2329.54 R. C., asking the court to issue an order to the Clerk directing the Clerk that in recording the judgment he certify that Janet Williamson was surety and Robert Williamson, Louis Rubich and Kathryn Rubich are principal debtors on the judgment taken in this action, and the testimony and arguments of counsel. Whereupon, the Court finds that judgment was taken on the cognovit note which is the subject of this action, on the 19th day of May, 1954; that defendant, Janet Williamson, has admitted that she first learned of the judgment in August of 1954; that defendant, Janet Williamson, on the 21st day of April, 1955, filed a petition in this court to vacate and set aside the judgment of May 19, 1954 claiming that her signature on said note was a forgery; that this cause came on to be heard upon the issue of the genuineness of her said signature and was tried to a jury, which jury returned a verdict finding the signature to be genuine on the 21st day of December, 1955; that on January 6, 1955, this court filed a decree lifting the suspension of the previous judgment and dissolved the injunction against execution on said judgment; and that following this action of the court the defendant, Janet Williamson, filed a motion for new trial on January 16, 1956, and following the overruling of said motion, to wit, on the 25th day of February, 1956, defendant, Janet Williamson, for the first time raised the issue of suretyship by filing the motion now before the court.

"The court further finds that the defendant, Janet Williamson, has had a year and a half within which to raise the issue of suretyship, and at no time within this period was such issue brought before the court; that defendant could have elected to contend that she was a surety in April of 1955, but did not, but rather elected to contend that her signature was not genuine; that an examination of the face of the note reveals that Robert Williamson and Louis Rubich signed as partners, and that Kathryn Rubich and Janet Williamson did not sign as partners, placing Janet Williamson in no better position from the evidence on the face of the note than Kathryn Rubich; and that in her relationship to

Louis Rubich and Kathryn Rubich, Janet Williamson is not in position of surety on the note in question.

"It is therefore ordered, adjudged and decreed that the motion herein filed by defendant, Janet Williamson, on February 25, 1956, be and the same is hereby denied with exceptions to the defendant, Janet Williamson."

Subsequent to the entry above quoted Janet Williamson filed her chancery action in the Court of Common Pleas of Mahoning County in which she alleged:—

"'* * * that no part of the proceeds of said loan ever accrued to her or her benefit; that the money, thus borrowed was borrowed by a partnership known as Williamson Farm Equipment, was credited to the account of said partnership and used solely by said partnership. Plaintiff says she is not and never has been a member of such partnership but that Louis Rubich and Robert Williamson were members thereof at the time said partnership received the proceeds of such loan; and that Kathryn Rubich became a partner sometime thereafter and remains as a partner therein.

"Plaintiff says that execution has been levied upon her property to sell same at judicial sale to satisfy said judgment, and that such forced sale of her property will result in irreparable damage to the plaintiff.

"Plaintiff therefore prays that the defendants be compelled to pay The New Waterford Bank the amount of said judgment and interest and costs thereon, and save harmless this plaintiff from the effects thereof, and for the costs herein, and for such other and further relief to which she may be entitled."

In the Common Pleas Court of Mahoning County the defendants, Louis Rubich and Kathryn Rubich were on several occasions granted leave to move or plead and finally on February 19, 1957, they were granted leave to file answer instanter. No answer was ever filed in the office of the Clerk of Courts of Mahoning County in accordance with the leave granted and the transcript of the original papers and the docket and journal entries does not contain any such answer although we have ascertained that an unfiled answer is actually in the files of the Clerk of Courts. We may assume that the trial court considered such answer as having been actually filed, and that therein was raised the issue of res judicata since the journal entry of the court of common pleas of Mahoning County states that the cause came on to be heard "on the petition of the plaintiff, Janet Williamson, the separate answer of defendants, Louis Rubich and Kathryn Rubich, the evidence and arguments of counsel and was submitted to the court with briefs and reply briefs of both parties."

An examination of the journal entry subscribed by the honorable judge of the Mahoning County Common Pleas Court shows that the sole ground upon which the action of plaintiff, Janet Williamson, was decided against her and her petition dismissed was that the judgment of the common pleas court of Columbiana County established the defense of res judicata as is definitely shown by the entry of the common pleas court of Mahoning County as follows:—

"Whereupon the court finds that this is an action under §1341.9 R. C., by plaintiff as surety to compel the defendants as principal debtors to discharge the debt for which the plaintiff has become bound; that in Case No. 41110 of the Common Pleas Court of Columbiana County, Ohio, judgment was rendered upon a promissory note against all of the parties hereto; that in said case, after judgment, the plaintiff herein under §2329.54 R. C., by motion, sought to secure certification as surety; that the court denied the motion finding that 'in her relationship to Louis Rubich and Kathryn Rubich, Janet Williamson is not in position of surety on the note in question'; that in said previous case before a court of competent jurisdiction in which all of the parties herein were also parties, an issue of suretyship was raised by plaintiff herein. as between herself and the defendants herein, Louis Rubich and Kathryn Rubich, as to which issue the parties were adversary; that the court directly determined that issue adversely to plaintiff herein; and that plaintiff, Janet Williamson, was conclusively bound by that determination and cannot again litigate the same issue in this action where her whole claim is based upon a suretyship position.

"It is therefore ordered, adjudged and decreed that judgment be entered on the issue joined for the defendants, Louis Rubich and Kathryn Rubich; that the petition heretofore filed herein be dismissed; that the defendants, Louis Rubich and Kathryn Rubich go hence without day and recover from the plaintiff, Janet Williamson, their costs herein expended."

While the journal entry last above quoted says that plaintiff's action was brought under authority of §1341.9 R. C., it is probable that the court intended to say that the action was brought under §1341.19 R. C., which provides:—

"A surety may maintain an action against his principal to compel him to discharge the debt or liability for which the surety is bound, after it becomes due."

It is settled law however that a surety's suit to compel the principal to pay is an equity case and exists independently of and prior to the statute. **Barbour v. National Exchange Bank, 45 Oh St 133, 12 N. E. 5; and Horst v. Dague, 34 Oh St 371.**

The action in the Common Pleas Court of Mahoning County being a chancery action was properly submitted to and determined by the chancellor.

The sole issue before this court of appeals is whether the chancellor was correct in holding that the journal entry of the Common Pleas Court of Columbiana County is such as to conclusively establish that the issues between the parties hereto have been previously adjudicated.

I will not, therefore, determine whether in law or in fact Janet Williamson was surety only for the defendants, Louis Rubich and Kathryn Rubich.

Since I arrive at the conclusion that the decision in the Common Pleas Court of Mahoning County was not authorized, and that the court committed prejudicial error in its determination, I will proceed to give reasons for my conclusion that the judgment or decree of the Com-

mon Pleas Court of Mahoning County should be reversed and the cause remanded for such further proceedings as may be authorized.

I first call attention to the case of **Gatch v. Simkins, 25 Oh St 89,** wherein the syllabi are as follows:—

"In an action on a written instrument against two or more persons jointly and severally bound, the finding by the court, under section 449 of the code, that one or more of the makers signed the same as surety or bail for his or their co-defendant, and the certificate in the judgment showing which is principal and which are sureties, do not conclude the parties as to the facts so found and certified, in an action subsequently instituted for contribution.

"The effect of such finding and certificate is not changed by the fact that the defendants at the trial appeared, and filed answers in which each alleged that the others were principal debtors."

In the cited case as shown by the language of the court on pages 90 and 91 we find that in the original action upon the note the court:—

"* * * rendered judgment in favor of Weyland against all the defendants, and further found, upon the issues joined between the defendants, that Simkins was principal debtor, and that Gatch and Shaw were his sureties, and thereupon it was ordered that execution first issue against Simkins, etc.

"To the introduction of this record in evidence the plaintiff below objected.

"Afterward, the court charged the jury to the effect, that the finding of the court in Weyland's case, that the plaintiff, Simkins, was principal debtor in said action, and that the defendant and Shaw were his sureties only, was conclusive of the fact so found, and constituted a bar to the action for contribution. To this charge the plaintiff excepted. Verdict and judgment having been rendered in favor of the defendant, the plaintiff filed his petition in error in the District Court, which resulted in a reversal of the judgment for error in the charge of the court."

In the opinion by the court at page 91 I find:—

"We think there was error in the charge of the Court of Common Pleas to the jury. The finding of the court in Weyland's case, that Simkins was principal and that Gatch and Shaw were his sureties, has no other effect than that prescribed in section 449 of the code. It does not conclude the parties in an action for contribution afterward instituted. The supposed issue joined in the case does not change the effect of the finding. The same order might have been made upon a claim presented orally. The supposed pleadings were unauthorized and conferred no jurisdiction upon the court, other than that conferred by said section 449 of the Code."

So, in the case now under consideration. The only effect of the motion filed in the Common Pleas Court of Columbiana County by Janet Williamson, had the motion been granted, was to cause an execution to be levied upon the lands of the principal debtor located in Columbiana County.

Sec. 2329.54 R. C., reads as follows:—

"When judgment is rendered in a court of record in this state upon

an instrument in writing in which two or more persons are jointly or severally bound, and it appears to the court, by parol or other testimony, that one or more of the persons so bound signed it as surety or bail for his codefendants, the clerk of such court, in recording the judgment thereon, must certify which of the defendants is principal debtor and which is the surety or bail. Such clerk shall issue execution on such judgment, commanding the officer to levy on the goods, chattels, lands, and tenements, of the principal debtor, or, for want of sufficient property of his to make it, to levy on the goods, chattels, lands, and tenements, of the surety or bail. The property, personal and real, of the principal debtor, within the jurisdiction of the court, shall be exhausted before any of the property of the surety or bail is taken in execution."

This section specifically provides only that the "property, personal and real, of the principal debtor within the jurisdiction of the court, shall be exhausted before any of the property of the surety or bail is taken in execution."

From the record it is disclosed that there was no property of Louis Rubich and Kathryn Rubich in Columbiana County upon which execution could issue.

The decision in Gatch v. Simkins, supra, is followed in **Hill v. King, Ex'r., 48 Oh St 75,** wherein the syllabi are as follows:—

"Where a surety pays a judgment rendered against him and his principal, he has the right, though not certified as such in the record of the judgment, to be subrogated to the place of the judgment creditor, against the principal and all others standing in his shoes.

"This right is not affected by the provisions of §5836 **R. C.** The object of this section is to enlarge, not to limit, the rights the surety had for his indemnity against his principal, on payment of the debt."

In the opinion the court at page 80 states:—

"The rule is that so soon as the surety pays the debt of his principal there arises in his favor an equity to be subrogated to all the rights, remedies and securities of the creditor, and has the right to enforce them against the principal for the purpose of his indemnification. * * *

"The doctrine, in its application to the relation of principal and surety, is so equitable and just, that there seems to be an entire consensus in the views of authors and courts upon the subject. And in no court has it been more fully recognized and applied than in our own. **Neilson v. Fry, 16 Oh St 552; Dempsey v. Bush, 18 Oh St 376; Neal v. Nash, 23 Oh St 483.**"

In the opinion in **Crawford v. Turnbaugh, Trustee, 86 Oh St 43** at page 47 I find:—

"Nevertheless a guarantor or a surety, who is not so certified, who pays the judgment has the right to be subrogated to the place of the judgment creditor against the principal and all others standing in his shoes. **This right is not affected by the statutes providing for the certificate of suretyship. The statutes are merely in addition to those equitable rights. Hill v. King, Exr., 48 Oh St 75.**" (Emphasis ours.)

It is noted that in the journal entry of the Common Pleas Court of Columbiana County it seems apparent that the judge of that court was

considering only the delay which Janet Williamson had allowed to intervene between the judgment against her and the time of filing her motion under §2329.54 R. C., and held that such delay precluded her from occupying the position of surety as claimed by her.

Certainly the proceedings in the common pleas court Columbiana County were merely ancillary and not conclusive upon Janet Williamson so as to bar her action in the Court of Common Pleas of Mahoning County.

The judgment and decree of the Common Pleas Court of Mahoning County is reversed as contrary to law and the cause remanded to that court for further proceedings.

GRIFFITH, J, concurs.

PHILLIPS, J, concurs in judgment.

## CONCURRING OPINION

By GRIFFITH, J.

In the case before us for review, the plaintiff's whole claim is based upon a suretyship position. She filed the present suit in Mahoning County to compel the defendants, Louis Rubich and Kathryn Rubich, to discharge the debt for which she was bound.

The sole question is whether the Common Pleas Court was justified in holding that the present action is barred by the judgment in the former action in Columbiana County under the doctrine of res judicata.

It seems necessary to relate somewhat in detail just what transpired in Columbiana County giving rise to this proceeding in equity in Mahoning County. In the former case in Columbiana County, the journal reads:—

"This day this cause came on to be heard on the motion of the defendant, Janet Williamson, made under §2329.54 R. C., asking the court to issue an order to the Clerk directing the Clerk that in recording the judgment he certify that Janet Williamson was surety and Robert Williamson, Louis Rubich and Kathryn Rubich are principal debtors on the judgment taken in this action, and the testimony and arguments of counsel. Whereupon, the Court finds that judgment was taken on the cognovit note which is the subject of this action, on the 19th day of May, 1954; that defendant, Janet Williamson, has admitted that she first learned of the judgment in August of 1954; that defendant, Janet Williamson, on the 21st day of April, 1955, filed a petition in this court to vacate and set aside the judgment of May 19, 1954 claiming that her signature on said note was a forgery; that this cause came on to be heard upon the issue of the genuineness of her said signature and was tried to a jury, which jury returned a verdict finding the signature to be genuine on the 21st day of December, 1955; that on January 6, 1955, this court filed a decree lifting the suspension of the previous judgment and dissolved the injunction against execution on said judgment; and that following this action of the court the defendant, Janet Williamson, filed a motion for new trial on January 16, 1956, and following the overruling of said motion, to wit, on the 25th day of February,

1956, defendant, Janet Williamson, for the first time raised the issue of suretyship by filing the motion now before the court.

"The court further finds that the defendant, Janet Williamson, has had a year and a half within which to raise the issue of suretyship, and at no time within this period was such issue brought before the court; that defendant could have elected to contend that she was a surety in April of 1955, but did not, but rather elected to contend that her signature was not genuine; that an examination of the face of the note reveals that Robert Williamson and Louis Rubich signed as partners, and that Kathryn Rubich and Janet Williamson did not sign as partners, placing Janet Williamson in no better position from the evidence on the face of the note than Kathryn Rubich; and that in her relationship to Louis Rubich and Kathryn Rubich, Janet Williamson is not in position of surety on the note in question.

"It is therefore ordered, adjudged and decreed that the motion herein filed by defendant, Janet Williamson, on February 25, 1956, be and the same is hereby denied with exceptions to the defendant, Janet Williamson."

We are not concerned with the correctness of the former case in Columbiana County for the reason that no appeal was ever taken therefrom, and that judgment stands undisturbed.

What is the effect of the determination of the Columbiana County Court "that in her relationship to Louis Rubich and Kathryn Rubich, Janet Williamson is not in position of surety on the note in question"?

In the case before us, the Trial Court held that Janet Williamson was conclusively bound by that determination and cannot again litigate the same issue in this case. The answer to the question is clearly indicated by an examination of the authorities.

At **Page 305 of 142 Oh St**, in the case of **Norwood v. McDonald,** we find that the court, on December 8, 1943, said:—

"A comprehensive definition of res judicata is as follows: 'The doctrine of res judicata is that an existing final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of rights, questions and facts in issue, as to the parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction.' 30 American Jurisprudence, 908, Section 161. See also, **Hinton, Admr., v. McNeil, 5 Ohio 509, 511, 24 Am. Dec., 315; Stein v. Steamboat Prairie Rose, 17 Oh St 471, 93 Am. Dec., 631; James v. Allen County, 44 Oh St 226, 6 N. E., 246, 58 Am. Rep. 821; State v. Cincinnati Tin & Japan Co., 66 Oh St 182, 64 N. E., 68.**

" 'If, however, the two suits do not involve the same claim, demand, and cause of action, such effect will not be ordinarily given to the prior judgment.' * * * To constitute a bar there must be identity not only of subject matter but also of the cause of action. In other words, a judgment in a former action does not bar a subsequent action where the cause of action prosecuted is not the same, even though each action relates to the same subject matter. * * *.' "

Can it be said that the Columbiana County Court in passing on the motion of plaintiff to be certified a surety under the statute (§2329.54 R. C.), and its overruling of the same, is an existing final judgment

rendered upon the merits and, therefore, conclusive of the rights of the parties in the case before us?

In the first place, the two suits do not involve the same claim, demand and cause of action. The cause of action in the former case is an action at law on a promissory note signed by all parties involved in this dispute. The cause of action in the instant case, is a question in chancery on the subject of whether the plaintiff stands in relation to the other defendants as surety or as a principal debtor with the other two.

"Where a judgment or decree is relied on by way of evidence, as conclusive per se, between the parties in a subsequent suit, it must appear by the record of the former suit that the particular controversy sought to be precluded was therein necessarily tried and determined." **The Lessee of John Lore and others v. John Truman, 10 Oh St 45, syllabus 1.**

This determination in Columbiana County was incidentally cognizable by the court there, and it was the duty of the court to pass upon the motion therein filed but, in so doing, the court did not render a judgment which is conclusive per se, between the parties, nor was it **necessarily** tried and determined in the former trial. It was incidental thereto.

The New Waterford Bank did not find it necessary to have this matter litigated and determined in its action in Columbiana County.

"In an action on a written instrument against two or more persons jointly and severally bound, the finding by the court, under section 449 of the code (§5419 **R. S.**), that one or more of the makers signed the same as surety or bail for his or their co-defendant, and the certificate in the judgment showing which is principal and which are sureties, do not conclude the parties as to the facts so found and certified, in an action subsequently instituted for contribution.

"The effect of such finding and certificate is not changed by the fact that the defendants at the trial appeared, and filed answers in which each alleged that the others were principal debtors." **Gatch v. Simkins, 25 Oh St 89, syllabi 1 and 2.**

In the Columbiana County case, the court took the position that the plaintiff should have elected whether she would contend that her signature was a forgery, or whether she would contend that she was merely a surety on the instrument.

We think the fact that she challenged the validity of her signature in no wise bars her from later claiming that she is not a principal, but surety only. **15 O. Jur. 252, Section 30.**

In the light of the authorities quoted, and many others examined, as applied to the facts in this case, our conclusion on the proposition stated must be contrary to that of the Court of Common Pleas. By the plaintiff having filed her motion in Columbiana County Court asking to be certified a surety, no one has been injured by that former proceeding except the plaintiff herself, and the defendants are exactly in the same position that they were before the motion was overruled. Therefore, the plaintiff has created against herself no estoppel. No estoppel by judgment has arisen as between the co-defendants in the former case.

414

The court was in error in entering judgment for the defendant and dismissing the plaintiff's petition. The plaintiff is not conclusively bound nor barred by the determination in the former case in Columbiana County, and the judgment is reversed and cause remanded to the Common Pleas Court for further proceedings of that court to determine the issues raised.

Judgment reversed.

NICHOLS, PJ, concurs.
PHILLIPS, J, concurs in judgment.