**In re FARLEY, INC., Debtor.**

**Bankruptcy No. 91 B 15610.**

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

Aug. 20, 1997.

---

Benjamin Randall, Lawrence Karlin, Rusty Payton, Katz, Randall & Weinberg, Chicago, IL, for Movant.

Mark K. Thomas, Amy A. Hijjawi, Wendy K. Fleishman, Katten Muchin & Zavis, Chicago, for Respondent.

### MEMORANDUM OPINION ON OHIO'S MOTION FOR RECONSIDERATION OF DISALLOWANCE OF CLAIM NO. 509

JACK B. SCHMETTERER, Bankruptcy Judge.

This bankruptcy case was started on July 24, 1991, by filing of an involuntary petition against Farley Inc. ("Farley" or "Debtor") under Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 101, et seq. Farley consented to entry of an order for relief, and exercised its right under 11 U.S.C. § 706(a) to convert the proceeding to one under Chapter 11 of the Bankruptcy Code. Farley operated as debtor-in-possession until December 1, 1992, when its Fourth Amended Plan of Reorganization was confirmed.

The claims bar date was set for November 15, 1991. On December 9, 1991, the Ohio Bureau of Workers' Compensation ("State" or "Ohio") filed its proof of claim, Claim No. 509, amended on September 18, 1995, and again September 26, 1995 ("Claim 509"). The State thereby sought reimbursement of

$9,335,119.03 pursuant to Farley's asserted statutory obligation for workers' compensation payments made to its former employees by the State. Although the claim was originally filed 26 days beyond the claims bar date, it was by an earlier order deemed timely filed pursuant to the excusable neglect standard under *Pioneer Inv. Serv. Co. v. Brunswick Assoc., L.P.*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).

Farley filed an answer and objection to Claim 509 as amended, contending that the State was not entitled to any reimbursement. Farley moved for summary judgment which was granted pursuant to an Order and Memorandum Opinion both signed on January 17, 1997. *In re Farley, Inc.*, 203 B.R. 681 (Bankr.N.D.Ill.1997). On February 3, 1997, Ohio filed a Motion for Reconsideration and New Trial of Claim No. 509 and for leave to further amend Claim No. 509. In the meantime, on December 17, 1996, Farley's Chapter 11 case was ordered to be closed.[1]

The State argues that summary judgment should not have been granted as Farley assertedly failed to prove certain essential elements of its objection to the claim. More particularly, it contends that (1) Debtor failed to show that any private or state-issued surety bond existed; (2) Farley should have been denied summary judgment under state law because payments made by the State came from the "surety fund" rather than the "surplus fund;" and (3) Farley was not shown to be a complying employer within the meaning of Ohio Revised Code Section 4123.35.

Based upon briefs and memorandums filed and arguments presented by both parties, for reasons stated below the motion for reconsideration and new trial is treated under Fed. R. Bankr.P. 9023 standards as one to alter or amend judgment and is allowed. The summary judgment is by separate order vacated.

The applicable principle that came so close to defeating the State is in no way novel.

When faced with threatened summary judgment as well as when on trial, parties must offer their best available arguments and evidence before they lose rather than afterward when it is too late to do so. So the State's newly presented materials must be disregarded.

Nonetheless, the motion has merit. Much of the original record presented upon consideration of Farley's summary judgment motion, including some loosely worded pleading by the State, tended to support allowance of that motion. However, upon review, it is now concluded that two factual issues earlier found without dispute thereby allowing the summary judgment were not adequately established in Farley's favor. A claim, once defeated by judgment, may not be amended. However, since the judgment will be vacated, the State will be given leave to amend its claim. Because it has been so slow in reaching its present pleading posture on the nature and basis of its claim, the current permission to amend is its last chance to do so.

### JURISDICTION

This matter is properly before the Court pursuant to 28 U.S.C. § 157, Local General Rule 2.33(A) of the United States District Court for the Northern District of Illinois, 28 U.S.C. § 1334, and 28 U.S.C. § 1409. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A) and § 157(b)(2)(B).

### DISCUSSION[2]

### *Reconsideration of a Disallowed Claim*

■ Bankruptcy Code section 502(j) provides that a disallowed claim may be reconsidered for cause. Once a claim is reconsidered, it may be allowed or disallowed according to the equities of the case. 11 U.S.C. 502(j). Thus, even where cause exists to reconsider a disallowed claim, the claim still might not be allowed. *See In re*

---

1. No motion has been made by either Debtor or the State to reopen the bankruptcy case pursuant to Fed. R. Bankr.P. 5010. *See also* 11 U.S.C. § 350(b).

2. The facts of this proceeding have been described in detail in *In re Farley, Inc.*, 203 B.R. 681 (Bankr.N.D.Ill.1997), and are not repeated here except as necessary for clarity.

*Mathiason,* 16 F.3d 234, 239 (8th Cir.1994). The Federal Rules of Bankruptcy Procedure provide that a motion to reconsider an order disallowing a claim may be made by a party in interest; the court after notice and a hearing shall enter an appropriate order. Fed. R. Bankr.P. 3008. Reconsideration of a claim that was disallowed after objection is discretionary with the court. Fed. R. Bankr.P. 3008, Adv. Comm. Notes.

> As the Advisory Committee Note to Bankruptcy Rule 3008 evidences, the bankruptcy court's discretion in deciding whether to reconsider a claim is virtually plenary, as the court may decline to reconsider without a hearing or notice to the parties involved. If reconsideration is granted, the court may readjust the claim in any fashion "according to the equities of the case."

*Matter of Colley,* 814 F.2d 1008, 1010, *reh'g denied,* 818 F.2d 443 (5th Cir.1987).

■ The Code does not define "cause" for reconsideration of a claim, nor do the Bankruptcy Rules. *Olson v. United States,* 162 B.R. 831, 833 (D.Neb.1993); 4 *Collier on Bankruptcy,* 15th ed. Revised, 502.11[5].

> It would certainly seem that cause for reconsideration would be the discovery, subsequent to prior allowance, of new facts or evidence to support facts that could not have been discovered at an earlier stage, or the discovery of clear errors in the order of allowance. But such grounds should be stated in the moving papers with some detail. The exact nature of an alleged error should be set forth, and if new evidence has been discovered it ought be explained why such evidence was not able, with due diligence, to have been discovered earlier. Indeed, it is not altogether clear that the discovery of errors in the order of allowance would be the appropriate "cause," for in matters of reconsideration there is always tension with the right of an appeal from an erroneous final order.

4 *Collier on Bankruptcy,* 15th ed. Revised, 502.11[5]. Some authorities have applied the general standards applicable under Rules 59 and 60 of the Federal Rules of Civil Procedure (Fed. R. Bankr.P. 7059 and 7060). *See* 4 *Collier on Bankruptcy,* 15th ed. Revised, 502.11[5][a] and cases cited therein. The State argues here that standards for a Rule 59(e) motion to alter and amend judgment are appropriate for determining cause. It further argues that the judgment order disallowing the amended Claim 509 was predicated on facts not fully supported by the record as well as errors of law, and therefore should be reconsidered.[3]

Fed.R.Civ.P. 59 allows a party to direct the court's attention to:

> newly discovered material evidence or a manifest error of law or fact and enables the court to correct its own errors and thus avoid unnecessary appellate procedures. The Rule does not provide a vehicle for a party to undo its own procedural failures and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented ... prior to the judgment.

---

**3.** Fed. R. Bankr.P. 9023 provides that Fed. R.Civ.P. 59 applies in adversary proceedings except as provided in Fed. R. Bankr.P. 3008. At least one court has interpreted this to mean Fed.R.Civ.P. 59 does not apply to motions to reconsider orders allowing or disallowing claims. *In re Excello Press, Inc.,* 83 B.R. 539, 540, 541 (Bankr.N.D.Ill.1988). If this were so, the State would be unable to allege errors of law as grounds for cause to reconsider. However, other courts disagree and find that bankruptcy courts have the ability to correct errors of law through a motion to reconsider an order allowing or disallowing a claim. *In re Motor Freight Exp.,* 91 B.R. 705, 710 (Bankr.E.D.Pa.1988) (stating that the only practical effect of Rule 9023 is to eliminate the 10–day filing period). Rule 9023 does not state that Rule 59 does not apply to such motions, only that the rule "applies in cases under the Code, *except as provided,* in Rule 3008." Fed. R. Bankr.P. 9023 (emphasis added). Rule 3008 states "a party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate. The court after a hearing on notice shall enter an appropriate order." There is no conflict with Fed. R. Bankr.P. 9023. The standards for reconsideration under Fed. R. Bankr.P. 9023 can be used to show cause under 11 U.S.C. 502(j) and Fed. R. Bankr.P. 3008.

*Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir.1996) (denying motion to alter or amend granting of summary judgment) (citing *Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir.1995); *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir.1995)).

The State argues that "summary judgment is a harsh remedy and is to be granted sparingly. The burden is on the movant to show that he or she is entitled to judgment as a matter of law ... Summary judgment does not require the opponent of the motion to prove its case." Ohio's Supplemental Memorandum at 4 (citing, *inter alia, McLain v. Meier*, 612 F.2d 349, 355 (8th Cir.1979)). However, the opponent to summary judgment has a heavier burden:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*A.V. Consultants, Inc. v. Barnes*, 978 F.2d 996, 1002–03 (7th Cir.), *reh'g denied*, (1992) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)); *see also, In re Farley, Inc.*, 203 B.R. 681, 686 (Bankr.N.D.Ill.1997) (discussing Seventh Circuit summary judgment standards).

■ It is well established that a validly filed proof of claim constitutes *prima facie* evidence of the claim's validity. Fed. R. Bankr.P. 3001(f). The initial burden falls on the objector, but once an issue is presented the burden shifts back to the claimant, and the ultimate burden is always on claimant to prove its entitlement. *In re Farley*, 203 B.R. at 688 (collecting cases). Thus, the State here had the ultimate burden of proof on its claim, but to obtain summary judgment Far-ley had the initial burden of demonstrating there was no genuine issue of material fact on the State's claim.

### The Existence of Farley's Bond Established for Summary Judgment Purposes

The State now argues that the record "is void of *any* evidence that Farley posted any bond." Ohio's Memorandum in Support of Motion to Reconsider at 12 (emphasis in original). "No evidence of any bond, either private or State provided, is offered in Farley's 402(M) Statement...." Ohio's Supplemental Memorandum at 6.

■ Local rules for this Bankruptcy Court ("Local Bankruptcy Rules") parallel applicable District Court rules on summary judgment to provide that the party moving for summary judgment file a statement of undisputed facts in a specified format. Local Bankr.R. 402.M. The party opposing the motion must file a response to that statement of undisputed facts and has the option of filing a statement of additional undisputed facts. Local Bankr.R. 402.N. The moving party must then respond to the additional facts. Failure to respond to an opposing party's statement of facts will result in those facts being deemed admitted. *Id.* Local Bankruptcy Rules such as these reflect an attempt to "streamline the resolution of summary judgment motions" and make parties' obligations explicit. *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 921–22 (7th Cir.), *reh'g denied*, (1994). However, Local Rules do not and cannot change the requirements under Fed. R. Bankr.P. 7056 (incorporating Fed.R.Civ.P. 56). Summary judgment requires the court to review the entire record to determine whether there is a genuine issue of material fact, and local rules merely assist in this process. *Waldridge*, 24 F.3d at 921–22.

In this case, the existence of the bond was established from the State's own repeated filings. The State argues that the bond's existence should not have been inferred merely "because Farley sent a letter saying"

that the surety was on file. Ohio's Reply Memorandum at 5. The letter to which the State refers was sent by R.E. Harrington, Inc., Farley's claims administrator, to Christine Hoffman, Director of the Self–Insured Section of the Ohio Bureau of Workers' Compensation. This letter was offered as an exhibit by the State and states that the "surety has been on file since the employer was first granted self-insurance privileges." 402.N Statement, ex. 2. The State also offered this letter as an exhibit to its Memorandum in Support of its Motion for Reconsideration.

However, the existence of the bond was not merely inferred through that letter. Rather, its existence was established through the State's own express admission. The State offered as a statement of undisputed fact that "all surety bonds provided by Farley during its self-insurance period have been exhausted." 402.N ¶ 15.

The summary judgment record therefore supported the finding that existence of the bond was not in genuine issue. Attempts to contradict that finding by evidence otherwise originally available would ordinarily fail following entry of judgment. Since the judgment will be vacated on other grounds, however, State will have opportunity to rescue itself, if it can do so, from its prior admission as to existence of the Farley bond.

### Did Payments by the State Come From the Surplus Fund?

Section 4123.75 of the Ohio Workers' Compensation Act ("Act") provides for recovery by the State for monies paid from the surplus fund:

The surplus fund was created by statute, and funded by crediting to it a portion of the premiums paid by compliant employers into the state insurance fund. *If a claimant secures payment from the surplus fund,* the Bureau of Workers' Compensation turns to the noncompliant employer for reimbursement of the claims payments.

*See also In re Suburban Motor Freight,* 36 F.3d 484, 486 (6th Cir.1994).

The State's amended proof of claim alleged that its payments to injured workers were made out of the surety fund (a/k/a the guaranty fund). It did not then contend that those payments were made from the "surplus fund," but neither did it plead that the monies used did not originally come from the surplus fund.

Section 4123.351(C) (amended effective as of November 3, 1989) provided:

If a self-insuring employer defaults, the bureau shall recover payments of compensation or benefits from the self-insuring employer's surety bond. Payment from the bond relieves the employer of any liability for damages at common law or by statute that arises out of the injury or occupational disease that forms the basis of the workers' compensation claim to the extent of the payment, except in bankruptcy proceedings.

The State argues that the earlier Memorandum Opinion contained the erroneous conclusion that payments made by the State came from the "surety fund" (also known as the guaranty fund) rather than the "surplus fund." It contends that, as no evidence was offered by Farley on this point, the conclusion that the payments came from the surety fund was in error.

To obtain summary judgment on the State's claim under authority discussed in the earlier opinion, Farley had to establish that the State paid its former workers from the guaranty fund rather than the surplus fund. The State, in its own amended proof of claim, alleged that the payments were made out of the guaranty fund, apparently an unintended bit of pleading now regretted. Neither party offered evidence during the summary judgment exchange establishing that the payments were from one source or another, and neither informed the court whether monies went from the surplus fund to the guaranty fund to pay the workers.

The State has the ultimate burden at trial on this issue, and summary judgment may be granted against a party who fails to

make a sufficient showing to "establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *A.V. Consultants, Inc.*, 978 F.2d at 1002–1003 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). "In opposing the motion for summary judgment, it was incumbent upon [the nonmovant] to present enough information to alert the district court that there existed a genuine issue of material fact and to present the legal theories upon which it was relying." *United States v. Rode Corp.*, 996 F.2d 174, 178 (7th Cir.1993) (citing *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552). It is also true that the party moving for summary judgment is not required to negate his or her opponent's claim. *NLFC, Inc. v. Devcom Mid–America, Inc.*, 45 F.3d 231, 235 (7th Cir.1995) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986)).

■■■■ However, in ruling on a motion for summary judgment, the Court has an obligation to confirm that materials referenced as supporting the existence of an undisputed fact do actually support that fact. *See, e.g., Randle v. LaSalle Telecommunications, Inc.*, 876 F.2d 563, 570 n. 4 (7th Cir.1989). The only support offered for the proposition that payment was made from the surety fund was a phrase used in the State's proof of claim. Farley offered no affidavit or other materials to support its contention that payment came only from a fund other than the surplus fund, and that no monies came from the surplus fund into the fund directly used to make payments.

Reflection on the earlier record has led to the conclusion that Farley did not meet its burden to establish that no payments came from the surplus fund. Authority allows reconsideration of summary judgment when necessary to avoid an unwarranted result. *Karen–Richard Beauty Salon v. Fontainebleau Hotel Corp.*, 36 B.R. 896, 897 (S.D.Fla. 1983). Further, since this involves reconsideration of a claim in bankruptcy, allowance or denial of a claim may be reconsidered according to equities of the case and the factual record presented. 11 U.S.C. § 502(j); Fed. R. Bankr.P. 3008. The original finding rested only on an earlier cryptic State pleading as to the source of payments and the issue was not focused on by any affidavit or other evidence during the exchange leading to summary judgment. It is appropriate now to vacate the judgment resting as it did on a vaguely drafted pleading that itself did not negate the possibility of some payment from the surplus fund.

■■■■ The State attempted to deal with this question by offering an affidavit and other supplemental materials in an effort to demonstrate that all expenditures were actually made from the surplus fund. However, evidence of this sort cannot be offered after summary judgment is granted. *See generally Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 252, *opinion amended on denial of reh'g*, 835 F.2d 710 (7th Cir.1987) (party may not relitigate a motion it already had a chance to contest and lost). The State's failure to submit the supplemental materials before the summary judgment ruling forecloses its ability to submit them as part of a motion for reconsideration. *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir.), *reh'g and sug. for reh'g en banc denied*, (1996).

■■■ The State argues that it should now be able to offer this new evidence as it could not have offered this evidence sooner or made these arguments before because Farley did not challenge the applicability of § 4123.75 until Farley's Reply Memorandum. However, the motion for summary judgment was not granted until January 17, 1997. Farley filed its Reply Memorandum on August 8, 1996. Thus, the State had five months to move for leave to supplement its summary judgment filings to introduce this evidence. It does not explain why it failed to do so during that period. *See Havoco of America, Ltd. v. Sumitomo Corp. of America*, 971 F.2d 1332, 1336–37 (7th Cir.1992). Certainly it has not demonstrated that the proffered material was previously unavail-

able. Prior to allowance of summary judgment, the State had ample opportunity to request leave to amend or supplement its response based upon the issues highlighted in the Farley Reply brief. *Schulz v. Serfilco, Ltd.*, 965 F.2d 516, 520 (7th Cir.1992).

The State itself did not even argue the applicability of § 4123.75 until filing its memorandum opposing summary judgment. Prior to the summary judgment motion, the State had argued that the basis of its claim was § 4123.351(G). Subsequent to Farley's summary judgment motion, it realized that the section originally argued was inapplicable. Instead of requesting leave at that time to file an amended claim,[4] the State merely stated in a footnote to its Response that it "erroneously" cited § 4123.351(G) and withdrew the allegation. Farley's discussion of the newly cited provision was then necessary in its Reply brief.

■ Previously discoverable and available evidence may not be admitted or considered in the context of a motion to reconsider. *King v. Cooke*, 26 F.3d 720, 726 (7th Cir. 1994). If the affidavit or the exhibit were unavailable, the State could have sought a continuance of time under Rule 56(f) to permit further discovery or search for records. *Id.* at 725–26. "[T]he party against whom summary judgment is entered cannot then advance additional facts or arguments that might have staved off that result—the 'no holding back' principle." *McGhee v. Joutras*, 1996 WL 706919, *1, n. 5 (N.D.Ill. Dec. 5, 1996).

A party seeking to defeat a motion for summary judgment is required to "wheel out all its artillery to defeat it." Belated factual or legal attacks are viewed with great suspicion, and intentionally withholding essential facts for later use on reconsideration is flatly prohibited. Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion.

*Caisse Nationale de Credit Agricole*, 90 F.3d at 1270 (citations omitted).

So the State's effort to buttress the summary judgment record now will not fly. However, since the motion to vacate judgment is granted based on the thin and inadequate record when judgment was entered, and for other considerations earlier expressed, its motion will nevertheless be granted. The State thrashed about for several years to focus its theory. The result was some confusion and lack of real focus on the identity of the fund from which State payments were made in the absence of any affidavit establishing that fact. Farley failed to establish an absence of dispute on that issue.

### Was Farley a "Complying Employer"?

Finally, the State argues that the conclusion in the earlier opinion that Farley was a complying employer under § 4123.75 of the Act was erroneous. Section 4123.75 provides a remedy for an injured employee whose employer failed to comply with section 4123.35 of the Revised Code. Section 4123.35 dictates the procedure for becoming a self-insuring employer as well as the bond requirements. As stated, the earlier presented record showed that Farley posted the requisite bond and was for a time in compliance with requirements of § 4123.35. Moreover, until May 1991, Farley, through its claims administrator R.E. Harrington, was managing the existing claims. Then it withdrew from paying those claims and became a non-complying employer.

■ Although Farley was once a complying employer, it became non-complying when it stopped processing claims by persons it employed while operating in Ohio. *See In*

---

4. Prior to entry of the summary judgment, the State never requested leave to amend its proof of claim to include a basis of recovery under § 4123.75. Because the parties argued and briefed the applicability of § 4123.75, and the prior ruling was based upon that section, it was treated in the earlier opinion as if an informal amendment had been filed pursuant to Fed. R.Civ.P. 15(b) (applicable herein pursuant to Fed. R. Bankr.P. 7015.)

re Suburban Motor Freight, Inc., 36 F.3d 484, 486 (6th Cir.1994) (failure to pay claims directly results in noncompliance for a self-insured employer). Even assuming that Debtor had posted a bond, once it became non-complying it was its burden to show that its bond covered all claims for which it was liable. While such was inferred from the record in the earlier opinion, it was improvident and error on the record then presented to find such in absence of any showing by Farley that its bond was large enough to do so. Under § 4123.351(C) of the Ohio Workers' Compensation Act, payment from the bond relieves the non-complying employer of liability only "to the extent of the payment" from the bond. Farley did not show that the bond was large enough to cover its obligations once it became non-complying.

### State's Suretyship Argument Not Considered on Present Motion

■■■■ The State also argues now that it has a right to reimbursement arising out of the common law rights of suretyship. Its brief attaches a copy of a guarantee to its motion for reconsideration, a document not earlier offered and not presently or earlier supported by affidavit under Fed.R.Civ.P. 56 (Fed. R. Bankr.P. 7056). However, the State never filed proof of claim alleging a right to reimbursement under the common law of suretyship. This argument and evidence supporting it was not raised when the motion for summary judgment was briefed and allowed, and it may not be raised for the first time in a motion for reconsideration. A reconsideration motion does not give a party a second bite at the apple. *In re Standard Foundry Products, Inc.,* 208 B.R. 164, 166 (Bankr.N.D.Ill.1997). However, vacation of the judgment and permission to amend the claim will allow the State to plead the issue.

### Motion to Amend Proof of Claim

■■■■ The State now seeks to amend its claim to proceed under Ohio Common law and under the unconditional guarantee

signed by Farley. A party who seeks to amend its proof of claim pursuant to Fed. R.Civ.P. 15(a) (Fed. R. Bankr.P. 7015) following the entry of judgment may do so only with leave of the court after a motion for amendment of or relief from judgment has been granted and the judgment is set aside or vacated. *Darla S. Sparrow, Terry R. Sparrow v. Harlan Heller,* 116 F.3d 204, 205–06 (7th Cir.1997) (citing *Figgie Int'l Inc. v. Miller,* 966 F.2d 1178, 1179 (7th Cir.1992)). Once judgment is entered, there is no pending proof of claim to amend unless it is set aside or vacated. *Id.* (citing *Pena v. Mattox,* 84 F.3d 894, 903 (7th Cir.1996)).

■■■■ However, here the judgment is being vacated. The State has in its new materials (not considered as to its motion to set aside the judgment but considered for this point) shown that a basis may well exist for amendment of its claim, and it will be allowed to do so.

### Need to Reopen Bankruptcy Case

As earlier noted, the bankruptcy case was closed before the judgment was entered, and neither the parties nor the Court noted that fact when judgment was entered based on earlier filed pleadings. If the Court were not otherwise determined to vacate the judgment for reasons earlier set forth, it might be considered whether the judgment should have been issued in a closed case. Should either party now wish this Court to proceed to resolve Claim 509, it should move to reopen the bankruptcy on notice and tender the requisite reopening fee to the Clerk of the Bankruptcy Court.

### CONCLUSION

For reasons earlier stated, errors of fact or mixed errors of law and fact were made in the earlier opinion as to two factual issues. Moreover, reconsideration is warranted in the exercise of discretion under 11 U.S.C. § 502(j) and Fed. R. Bankr.P. 3008.

Accordingly, by separate order, Ohio's Motion for Reconsideration and New Trial of

Claim No. 509 and for Leave to Amend Claim No. 509 is allowed, the judgment heretofore entered on that claim is vacated, and permission will be given to the State to file its amended claim within a limited time. In light of the State's convoluted pleading history herein over the years, this chance will be its last.