**In re FARLEY, INC., Debtor.**

**Bankruptcy No. 91 B 15610.**

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

June 11, 1998.

Mark K. Thomas, Amy Hijawi, Katten Muchin & Zavis, Chicago, IL, for Movant.

Benjamin J. Randall, Rusty Payton, Lawrence M. Karlin, Katz Randall & Weinberg, Chicago, IL, for Respondent.

### MEMORANDUM OPINION ON DEBTOR'S MOTION TO STRIKE PROJECTED FUTURE PAYMENT PORTION OF STATE'S CLAIM

JACK B. SCHMETTERER, Bankruptcy Judge.

This proceeding was started on July 24, 1991, by the filing of an involuntary petition against Farley, Inc. ("Farley" or "Debtor") under Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 101, *et seq.* Farley consented to entry of an order for relief and exercised its right under 11 U.S.C. § 706(a) to convert the proceeding to one under Chapter 11 of the Bankruptcy Code. Farley operated as debtor-in-possession until December 1, 1992, when its Fourth Amended Plan of Reorganization was confirmed. On December 17, 1996, an order was entered closing Farley's Chapter 11 Case, but on September 18, 1997, this case was reopened pursuant to a motion by the Bureau of Workers' Compensation of the State of Ohio ("State" or "Ohio") so as to determine its claim.

The claims bar date was ordered for November 15, 1991. On December 9, 1991, Ohio filed its proof of claim, Claim No. 509. Although the claim was filed 26 days late, the claim was deemed timely filed pursuant to the excusable neglect standard dictated by *Pioneer Inv. Servs. Co. v. Brunswick Assocs., L.P.,* 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). The claim was amended on September 18, 1995, and September 26, 1995 ("Claim 509"), seeking reimbursement pursuant to Farley's asserted statutory obligation to the State for workers' compensation payments made to Farley's former employees.

Farley filed an answer and an objection to Claim 509, arguing that the State had no valid claim for reimbursement. Farley moved for summary judgment which was initially granted pursuant to an order and memorandum opinion, both signed on January 17, 1997. On February 3, 1997, Ohio filed a Motion for Reconsideration and New Trial of Claim No. 509 and for Leave to Amend Claim No. 509. This motion was granted on August 20 1997, the claim was reinstated, and then further amended.[1]

The parties have pointed to nothing in the confirmed Plan or Order confirming the Plan that refers to or makes special provision for

---

1. The extensive history of this matter and statement of issues presented are described in detail at *In re Farley, Inc.,* 203 B.R. 681 (Bankr.N.D.Ill. 1997), *vacated by In re Farley, Inc.,* 211 B.R. 889 (Bankr.N.D.Ill.1997).

any aspect of the State's claim, other than its possible treatment along with other claims in its class of creditors.

As part of its claim for reimbursement, the State seeks to recover for payments the State alleges it *may* make in the future to former Farley employees, even though no awards of these future payments have been rendered. Farley now moves to strike that portion of the State's claim which seeks recovery for projected future payments on workers' compensation awards that are based on possible future awards. For reasons discussed below, Farley's motion will be granted, but its additional motion to disallow such future awards and payments thereon and bar them as future claims by the State outside of bankruptcy will be denied.

## I. *JURISDICTION*

This matter is properly before the Court pursuant to 28 U.S.C. § 157, Local General Rule 2.33(A) of the United States District Court for the Northern District of Illinois, 28 U.S.C. § 1334, and 28 U.S.C. § 1409. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A) and § 157(b)(2)(B). Although Farley's Chapter 11 Plan was confirmed on December 1, 1992, the Plan specifically provided for the Bankruptcy Court to retain jurisdiction post-confirmation to hear and determine any timely objections to claims. Farley's Plan of Confirmation, Art. VIII(c).

## II. *DISCUSSION*

### *The Claim*

The State's claim seeks reimbursement relating to 67 former employees of Farley. These claims include claims for "reserves" reflecting projected or estimated future payments to 38 former Farley employees. These employees have received past payments for workers' compensation claims, and such payments are asserted to give rise to part of the State claims here. However, the State also asserts a total $2,938,681.00 claim for "projected payments" that the State may or may not make in the future for injuries to those employees that occurred between October 1, 1986 and July 25, 1990, for which no

awards have yet been administratively determined under Ohio law. This part of the State's reimbursement is assertedly pursuant to Ohio Rev.Code § 4123.75, as a claim on behalf of the State's so-called "surplus fund" for payments which the state alleges it may make in the future to former Farley employees should these employees apply for additional compensation. The State's "reserve" calculation is not a present value calculation of a future stream of payments already awarded to a claimant by the State. Farley objects that the "reserve" part of the State's claim reflects only the State's "best guess" as to whether each individual claimant will seek and be granted an additional award sometime in the future. Farley's Motion to Strike at 2.

As an alternative to its theory under § 4123.75, the State argues that it is entitled to reimbursement for the projected future payments as a surety. Farley responds that, even under Ohio state surety law, the State can only recover for payments actually made.

Finally, Farley argues, pursuant to 11 U.S.C. 502(e)(2)(B), that the claim for projected payments must be disallowed and therefore barred from being collected, even if the former employees do seek and obtain future awards and payments.

### *Relief the State Seeks Is Not Covered by Ohio State Law*

The State cannot seek reimbursement under Ohio law for awards not yet rendered and payments it has yet to make. Section 4123.75 of the Ohio Code quite clearly states that:

> If the employer fails to pay the compensation to the person entitled thereto, or fails to furnish the bond, within a period of ten days after notification of the award, *the award shall constitute a liquidated claim for damages against the employer in the amount ascertained and fixed by the administrator or commission,* and the administrator shall certify the same to the attorney general who shall forthwith institute a civil action against the employer in the name of the state for the collection of the award.

Ohio Rev.Code § 4123.75. (Emphasis added.) Pursuant to this statute, the injured employee applies to the State for compensation; the State adjudicates the claim; the State then makes an award to the claimant; the State is *then* authorized to recover from the employer any monies paid from the "surplus fund." There is no provision in the statute for recovery of estimated future claims, only recovery of claims that have been ascertained and awarded. The State has offered no precedents supporting its contention that under State law it can recover for projected possible future payments that are not now based on actual awards.

■ Moreover, under the Bankruptcy Code, even where pre-petition conduct causes an injury, until that injury has manifested itself and ripens into a state law claim, there is no "right to payment" that allows a "claim". *See* 11 U.S.C. § 101(5); *In re Kewanee Boiler Corp.*, 198 B.R. 519, 527 (Bankr.N.D.Ill.1996); *Matter of M. Frenville Co., Inc.*, 744 F.2d 332, (3rd Cir.1984), *cert. denied*, 469 U.S. 1160, 105 S.Ct. 911, 83 L.Ed.2d 925 (1985). Since, under Ohio Rev. Code § 4123.75, the State has no right to be reimbursed for projected future worker's compensation not yet awarded, Ohio has no right to payment and therefore has no claim under the Bankruptcy Code for the "reserve" for possible future claims.

The State argues that

... under Ohio law, the statutory right of an employee to file an application for modification of an award is a substantive right which accrues at the time of the claimant's injury. As such, worker's compensation claims are unliquidated, noncontingent claims until such time as the claimant's right to seek additional compensation lapses, and such claims may be estimated by the bankruptcy court under 11 U.S.C. § 502(c)(1) for purposes of allowance.

State's Response at 2.

In support, it points out that an employee may apply for additional compensation until 6 years from the date of the injury, or within 10 years from the date of the last payment of compensation under §§ 4123.56, 4123.57 or 4123.58 of the Ohio Rev.Code. The State correctly cites *Gregory v. Flowers*, 32 Ohio St.2d 48, 290 N.E.2d 181 (1972), for the proposition that a right to apply for modification of an award is a substantive right which accrues as of the date of the injury.

However, until a former-employee actually applies for such a modification and receives an award and payment, the State has no statutory right to reimbursement and no claim under the Bankruptcy Code.

### *The Relief Sought Is Not Covered by Suretyship Law*

■ The State likewise has no right to reimbursement under the common law of suretyship. Under Ohio law, a surety's cause of action arises when it actually makes a payment on behalf of its principal. *Grant v. Ludlow's Adm'r*, 8 Ohio St. 1, 81 (1857) (surety cannot proceed against principal until debt paid); *Williamson v. Rubich*, 156 N.E.2d 138, 143 (Ohio App. 7 Dist.1957), *appeal dismissed*. Under the common law of suretyship, a surety cannot recover until and unless it actually makes a payment. Assuming *arguendo* that the State is Farley's surety, it cannot recover from Farley under that theory until and unless it actually makes a payment.

### *Bankruptcy Code § 502(e)(1)(B) is Inapplicable*

Farley on its part moves that the State's claim be disallowed and thus barred for all time, even if the State should some day issue more awards and make more payments to Farley's former employees. This request is based on argument that the State holds a contingent claim for reimbursement which must be disallowed under 11 U.S.C. § 502(e)(1)(B):

The Court shall disallow any claim for reimbursement or contribution of an entity that is liable with the debtor on or has secured the claim of a creditor, to the extent that—

. . .

(B) such claim for reimbursement or contribution is contingent as of the time of

allowance or disallowance of such claim for reimbursement or contribution.

11 U.S.C. § 502(e)(1)(B).

▇▇▇ The intent of Congress in enacting section 502(e)(1)(B) was to "prevent competition between a creditor and his guarantor for the limited proceeds in the estate." Notes of Committee on the Judiciary, S.Rep. No. 95–989, *quoted in In re A & H, Inc.*, 122 B.R. 84, 85 (Bankr.W.D.Wis.1990). Further, Congress wanted to relieve a debtor's estate from undue burdens resulting from estimated claims which are contingent in nature, and to expedite a debtor's reorganization without delay that might otherwise result from unliquidated, contingent liabilities. *In re Charter Co.*, 862 F.2d 1500, 1502 (11th Cir.1989). Section 502(e)(1)(B) is also designed to prevent double payment by an estate for the same underlying liability. "The section is not intended to 'immunize debtors from contingent liability,' but instead protects debtors from multiple liability on contingent debts.' " *In re Eagle Picher Indus., Inc.*, 131 F.3d 1185, 1187 (6th Cir.1997).

▇▇▇ In order to have the State's claim disallowed under § 502(e)(1)(B), Farley must show three things:

(1) both the State and the former Farley employee have a claim against Farley that arises from the same debt;

(2) the former employee has a right to payment from Farley; and

(3) the State has a contingent right to reimbursement from Farley which may become noncontingent in the event that it fully satisfies the employee's claim.

4 *Collier on Bankruptcy* § 502.06[2][e] (15th ed. rev.).

▇▇▇ However, the former employee has no right for payment from Farley under the state Compensation Act, and Farley is not therefore co-liable on the workers' compensation claims with the State. Ohio Rev.Code § 4123.75 dictates the remedy for an employee against a non-complying employer such as Farley:

Any employee whose employer has failed to comply with section 4123.35 of the Revised Code,[2] who has been injured or has suffered an occupational disease in the course of his employment, which was not purposely self-inflicted, or his dependents in case death has ensued, may file his application with the industrial commission or the bureau of workers' compensation for compensation and the commission and the bureau shall hear and determine the application for compensation in like manner as in other claims and shall make an award to the claimant as he would be entitled to receive if the employer had complied with section 4123.35 of the Revised Code ... The administrator of workers' compensation shall institute proceedings to recover from the employer any moneys paid from the surplus fund and to secure the employer's payment of the award. The employer shall pay the award in the manner and amount fixed thereby or shall furnish to the bureau a bond, in an amount and with sureties as the bureau requires, to pay the employee the award in the manner and amount fixed thereby....

If the employer fails to pay the compensation to the person entitled thereto, or fails to furnish the bond, within a period of ten days after notification of the award, the award shall constitute a liquidated claim for damages against the employer in the amount ascertain and fixed by the administrator or commission, and the administrator shall certify the same to the attorney general who shall forthwith institute a civil action against the employer in the name of the state for the collection of the award....

Ohio Rev.Code § 4123.75 (1990). Under this provision, when an employer like Farley fails to comply with bonding requirements under the Ohio Workers' Compensation Act, the employee requests reimbursement from the State and the State seeks reimbursement

---

2. Section 4123.35 dictates the procedure for becoming a self-insured employer as well as the bond requirements. The surety bond was required to be sufficient to compel or secure to injured employees or their dependents payment

of workers' compensation benefits. Although Farley was at one point in compliance with the requirements of § 4123.35, it later became a non-complying employer. *Farley*, 211 B.R. at 897–98.

**412**

from the employer. Under that Act, the employee does not have a choice whether to proceed against Farley or the State. Rather, the employee applies to the State for compensation; the State then adjudicates the claim and makes an award; then the State initiates proceedings to recover the amount from Farley.

Thus, § 502(e)(1)(B) does not apply, and the State's claims that may some day come into existence should future awards be given to Farley's former employees are not disallowed. Farley will have to deal with such claims in normal course if and when they arise.

## V.  *CONCLUSION*

Accordingly, by separate order, Farley's Motion to Strike Projected Future Payment Portion of the Claim of the State of Ohio is granted. Thus, claims of the State for awards that may be allowed in the future, and its prayer for relief that now seeks to recover the projected present value of such future awards are stricken. These claims are not "claims" in bankruptcy at all, and Farley's request for disallowance of claims that may some day become based on such future awards will be denied. Trial on the remaining portion of the State's claim continues to be set pursuant to earlier pretrial order to start on *July 7, 1998,* at *2 P.M.*